CASE 31—MOTION IN COURT OF APPEALS—JANUARY 18.

## Mitcheson's adm'r vs. Foster, &c.

The grant of appellate jurisdiction to the court of appeals by the constitution implies the grant of all powers necessary to the proper and complete exercise of such

Mitcheson's administrator vs. Foster, &c.

jurisdiction. Among these implied or incidental powers, is the power which the court has of enforcing and effectuating its own judgments and mandates, and of holding its officers to a proper accountability for any default or misfeasance in the execution of its process.

The court of appeals has jurisdiction of a motion against a sheriff and his sureties to recover the amount of an execution, which issued from the office of the clerk of said court, and 30 per cent. damages thereon, for failing to return it to the office whence it issued for thirty days after the return day thereof without reasonable excuse for such failure.

Although the response of a sheriff, to a motion against him and his sureties for failing to return an execution for thirty days after the return day, states facts constituting a reasonable excuse for such failure, yet such defense is but matter in avoidance, and must be established by evidence.

See opinion for facts stated in the sheriff's response, which, if proved, would constitute a valid defense to the motion.

JAMES HARLAN, for plaintiff in the motion, cited 1 *Rev. Stat.*, (*Stanton's,*) page 493; 1 *M. & Brown*, 626; 2 *Litt.* 6; 1 *Litt.* 253; 5 *Mon.*, 126.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

On the 1st of March, 1860, an execution issued from the office of the clerk of this court in favor of Mitcheson's administrator against Martin, &c., for $96 75, returnable the first Monday in July following, directed to the sheriff of Allen county.

This is a motion, *in this court*, against the sheriff and his sureties, for a judgment against them, for the amount of the execution, and 30 per cent. damages thereon, for failing to return it to the office whence it issued, within thirty days after the return day thereof.

Foster, the sheriff, has filed a response to the motion, admitting that he had received the execution, but alleging that he had lost or mislaid it, or that he had mailed it to the office whence it issued; that he had made diligent search for the execution, but had been unable to find it.

These facts undoubtedly constitute a valid defense to the motion. But the defendant has not even attempted to sustain them by proof. And there is nothing in the peculiar character of this case to exempt it from the operation of the general rule which requires that matters purely in avoidance must be sustained by evidence. The plaintiff is therefore clearly entitled

to a judgment, provided this court has jurisdiction of the motion.

"The court of appeals shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law." (*Sec.* 2, *art.* 4, *of the Constitution.*)

This grant of appellate jurisdiction necessarily implies the grant of all powers necessary to the proper and complete exercise of such jurisdiction.    Among these implied or incidental powers, is the power which the court has of enforcing and effectuating its own judgments and mandates, and of holding its officers to a proper accountability for any default or misfeasance in the execution of its process.

The execution in question was placed in the hands of the sheriff, as the appropriate officer of this court, and it was his duty to obey the command of the writ.    If he failed to do so, by failing "to return the same to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for such failure," he is made liable by law for the amount thereof and thirty per centum damages and costs.    (1 *Rev. Stat., page* 493.)

And it would seem to be peculiarly within the province of this court to enforce, in the mode prescribed by law, this penalty against one of its own officers for a violation of his legal duty in the execution of final process upon one of its judgments.    Such is the nature and legal effect of the present proceeding.    And the statute which gives the remedy requires that it shall be prosecuted only in the court whence the execution issued.

The plaintiff is, therefore, entitled to a judgment for the amount of the execution, and thirty per centum damages thereon, together with the costs of this proceeding.