## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Hartwell and Austin, J. J.*

### THE KING *vs.* HULU.

IN AN indictment for burglary under Section 17, Chapter 14 Penal Code, it is unnecessary to aver the absence of any person in the building or that the burglar was not armed.

The opinion of the Court was rendered by Mr. Justice HARTWELL, ALLEN, Ch. J., and AUSTIN, J., concurring.

This was a bill of exception to the decision of the Circuit Court of the Third Judicial District in overruling a motion in arrest of judgment for alleged defects in the indictment.

The defendant was indicted for having at Onouliuli, with force and arms, and unlawfully and feloniously broken and entered, on the night of July 11, 1868, the office of Robt. C. Janion and Wm. L. Green, with intent unlawfully and feloniously to steal, and for then and there stealing certain books of account to the value of $15 or thereabouts. It is claimed that under our statutes there is no common law offence of burglary, that this indictment was intended to be laid under the 16th and 17th Sections of Chapter 14 of the Penal Code, but does not contain sufficient averments to come under either of these sections, and charges no offence known to the law here. The defendant's counsel insist that the sections referred to describe distinct substantive offences; that essential ingredients of the offence described in the 16th section, and not charged in the indictment are the presence in the office of another person lawfully there, and the offender being armed with a dangerous weapon, at the time of the entry. In the argument it was not insisted by the Attorney General, nor do the Court consider that the offence was, or was intended to be charged under this section.

The King *v.* Hulu.

But the defence further claims that material ingredients of the offence described in the 17th section, and not charged in the indictment, are the absence of another person lawfully in the building, and the offender not being armed at the time of the entry.

We do not regard these sections as setting forth two separate and distinct offences, but only one, the substantial elements of which are, breaking and entering at night any of the buildings specified, with intent to commit felony therein. The 16th section enumerates certain aggravated circumstances attending this offence, which the 17th section enumerates as not attending the same offence. The words of the 17th section refer directly to those preceding, and can only be read and understood in connection therewith, to explain the words, "*such* person being within *such* house," and "*such* offender being *so* armed." The 17th section is in the nature of an exceptional or provisional clause, modifying the 16th section by providing a lesser punishment for the offence when not committed under certain circumstances. Attendant circumstances need not be set forth which do not form a constituent part of the offence.

It is not only unnecessary to aver more facts than are legally and substantially sufficient to make out the offence, but too great minuteness and strictness are to be avoided. [Rex *vs.* Airley, 2 East 34.] Less minuteness is required in charging mere matter of aggravation or inducement, [Bacon's Abr. title indictment] still less in matter of mitigation. We know of no authority requiring the government to aver or prove that the offender had no dangerous weapon when he committed the offence. On the general principle that it is unnecessary to deny that which the other side would properly affirm in defence, it is well settled that an indictment for a statute offence need not negative the provisors, or show that the defendant is not within the benefit of the exceptions in the distinct clauses of the statute.

The King *v.* Hulu.

Spierles *vs.* Parker, 1, 9, R. 141, Commonwealth *vs.* Hart, 11, Cush, 130, State *vs.* Adams, 6, N. H. 533.

The Court consider this case as coming within the above rule. In cases similar to this, the authorities are conclusive. Under the statute 48 Geo. 3, ch. 129, provision was made for the offence of stealing from the person "without such force or putting in fear as is sufficient to constitute the crime of robbery." In Rex *vs.* Pearce, Rush & Ryan 174, and in Rex *vs.* Robinson, ib. 321, the Court held that it was neither necessary nor proper in an indictment under this statute, to negative such force or putting in fear, and that the meaning of the statute was, "such force or putting in fear *not being charged as so done.*"

The Massachusetts cases cited by the Attorney General are exactly in point, and the rule by Chief Justice Shaw in Devoe *vs.* Commonwealth, 3 Met. 326, governs this case, viz : "When there are several species of the same general crime, with more or fewer circumstances of aggravation, and subject to a gradation of punishments, it is not necessary in the indictment to negative those circumstances which would render it more aggravated." See also Commonwealth *vs.* Squire, 1 Met. 258, and Larned *vs.* Commonwealth, 12 Met. 240. We are satisfied that the non-averments complained of worked no injury to the defendant, that the indictment charges an offence under the statutes, in terms sufficiently clear to enable the Court to determine its nature, and what, if any, punishment should be awarded, and to enable defendant to plead previous conviction in bar of any future proceedings on the same grounds. The indictment being held to be good under the statute, it is unnecessary to consider its force outside of the statute.

Judgment affirmed.

Mr. Attorney General Phillips for the Crown, W. C. Jones, Esq., for the defendant.

Honolulu, November 4th, 1868.