CASE 91—MOTION FOR APPEAL—MAY 18.

# Louisville Industrial School of Reform v. City of Louisville.

### APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. REFUSAL OF JUDGE OF LOWER COURT TO GRANT APPEAL.—In an action brought by the board of managers of a corporation in the name of the corporation, a new board of managers, claiming to have been legally elected since the institution of the action, entered a motion to dismiss.

Louisville Industrial School of Reform v. City of Louisville.

the action. The court sustained the motion over the objection of the old board, which denied the legality of the election of the new board. Thereupon the old board, on behalf of the plaintiff, entered a motion for an appeal, which the court refused to grant. *Held*—That the court should have granted the appeal, so that this court may finally decide which of the two boards is the legally constituted board.

2. SAME.—This court, having the right to revise the judgment of the lower court, can not be ousted of its jurisdiction by an error of that court in denying to the plaintiff an appeal, to which it was entitled as a matter of right. Therefore this court has the power to order the judge of the lower court to grant an appeal.

JOHN ROBERTS, MUIR & HEYMAN AND BROWN, HUMPHREY & DAVIE FOR APPELLANT.

1. This court should, upon the record as it stands, docket this appeal. The lower court can not, by refusing to grant an appeal, require the appellant to wait until the term has expired, and then have an appeal granted by the clerk of this court. The grant to this court, by the constitution, of appellate jurisdiction necessarily implies the grant of all powers necessary to the proper and complete exercise of such jurisdiction. (Constitution of Ky., art. 4, sec. 2, Gen. Stats., page 107; Mitcheson's adm'r v. Foster, 3 Met., 325; Gorham v. Luckett, 6 B. M., 147; S. C., 6 B. M., 638; 1 M. & B., 128; Warne v. Baker, 24 Ill., 351.)

2. But if the court thinks that the forms of the law require that the judge of the lower court shall enter the appeal on his record, then this court should enter an order requiring him to do so.

Anything which a litigant has the right to demand as of course during the progress of litigation, or for the purpose of obtaining a fair determination of such litigation upon its merits in this court, this court will, by rule, compel the court below to conform to. (*Ex-parte* Bradstreet, 7 Peters, 634; People v. Pearson, 2 Scam., 189.)

3. The persons who are claiming the right to prosecute this appeal in the name of the appellant are the lawfully constituted board of managers of the appellant, and have the right to make this motion. It was not contemplated that more than three members of the board should be elected at any one time; and where there is a failure to hold an election at the regular time, the three members whose successors would have been elected if an election had been held, hold for another three years—that is, until the next regular election for members of that class. (Elliott's Charter and Ordinances, page 179; *Idem*, page 439.)

H. S. BARKER FOR CITY OF LOUISVILLE.

The general council had the power to elect a full board of nine members on the 2d of May, 1889, as all of the members of the old board were

holding over merely by reason of the failure of the council to hold an election since May, 1885; and upon the holding of a "new election" the powers of the old board ceased. (Elliott's Digest, pages 178 and 439.) Therefore, the new board was authorized to represent the plaintiff, and as the action was dismissed on its motion there can be no appeal. (Fauntleroy's Heirs v. Crow's Heirs, 5 B. M., 136.)

T. L. BURNETT, HELM & BRUCE AND O'NEAL, JACKSON & PHELPS FOR INDUSTRIAL SCHOOL OF REFORM.

1. This court has no power to issue a writ of mandamus except for the purpose of enforcing its own judgments or orders. (Civil Code, secs. 474, 477.)

2. The plaintiff can not appeal from an order dismissing the case upon its own motion. (Fauntleroy's Heirs v. Crow's Heirs, 5 B. M., 136.)

3. The lower court having determined that the motion to dismiss was made by those who were authorized to represent the plaintiff, this court will not inquire into that fact.

4. If the old board are really the board of managers of the plaintiff, their remedy is pointed out by section 483 of the Civil Code.

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

April 20, 1889, Louisville Industrial School of Reform, a corporation created by statute, commenced an action in the Louisville Law and Equity Court against City of Louisville and R. T. Scowden, the petition containing, substantially, the following statement of facts: That it is a charitable institution, organized for the purpose of receiving, taking care of and educating such minors as may be committed to its charge by legally constituted authorities, and has title and been for many years in the actual possession of about eighty-two acres of land in Jefferson county, conveyed to it in 1860 by City of Louisville, upon terms and conditions set out in the deed filed with the petition, upon which land it has expended large sums of money in the construction of houses for occupancy of inmates of the institution, for schools, workshops, and other necessary improvements. That the

defendants, City of Louisville and R. T. Scowden, its engineer, in pursuance of an ordinance of the general council passed April 18, 1889, but without right or authority of law, are threatening, making preparations and will, unless enjoined, extend what is called Third street through plaintiff's land a distance of over one-fourth mile, and one hundred feet wide, as a boulevard, and by paving, make it the principal drive southward, and, in order to do so, will tear down plaintiff's fences and buildings, including a work-shop, in line of the proposed extension, wherein the inmates are taught useful trades, and that was built in 1867 at a cost of $9,000. It is farther alleged that if the proposed highway is established it would destroy the usefulness of the institution at that place and render necessary a change of location of all the buildings, involving an expense the plaintiff is unable to bear, because such highway will afford ready means of communication between evil-disposed persons and such of the inmates disposed to be unruly and violate regulations of the institution, and thus render abortive efforts of those in charge to reform and improve them.

The petition was signed by Muir & Heyman, John Roberts, Brown, Humphrey & Davie, for plaintiff, and sworn to by D. P. Faulds, president of the board of managers. And on the same day, as prayed for in the petition, an order of injunction was made by the judge of the court restraining the defendants tearing down the fences or buildings of the plaintiff, or attempting in any way to carry out the ordinance of April 18, or opening the proposed boulevard through the property.

April 22, as appears from the transcript before us,

defendant, City of Louisville, by Barker, counsel, moved the court, on face of the papers, to dissolve the injunction, and May 1st that motion was sustained and the injunction dissolved. But May 4th the injunction was reinstated by order of a judge of this court.

May 2d the general council elected, or attempted to elect, a new board of managers of "Industrial School of Reform" in place of those in office when this action was commenced. And May 9th a resolution was passed by the new board, as it is called, in substance that Brown, Humphrey & Davie, Muir & Heyman, and John Roberts, previously employed by the plaintiff to institute and prosecute the action, were not longer authorized to act, and that in their place T. L. Burnett, J. T. O'Neal, and Helm & Bruce be employed, authorized and directed to take such steps as may be necessary to secure the dismissal of said action. And on the same day the last mentioned attorneys, claiming to represent the plaintiff, filed the resolution referred to and moved the court to dismiss the action. Whereupon, as recited in the order, "the plaintiff, by Brown, Humphrey & Davie, Muir & Heyman, and John Roberts, claiming to represent it, objects to the appearance of Helm & Bruce, T. L. Burnett and J. T. O'Neal in this court as its attorneys, and objects to each and every motion made by them in this case, and objects to the dismissal of this case."

May 10th the following order, in substance, was made: "This cause coming on to be heard on motion of the plaintiff to dismiss this action, it is considered by the court that the board of managers of plaintiff elected by the general council May 2, 1889, are the true and only

managers of the plaintiff, and, therefore, it is considered by the court that the said motion of plaintiff, by Burnett, O'Neal and Helm & Bruce, be and the same is hereby sustained, and said action is now dismissed and injunction dissolved.   And then came Roberts, Muir & Heyman, and Brown, Humphrey & Davie, and offered and moved the court, in the name of the plaintiff and on its behalf, except to the above judgment and pray an appeal to the Court of Appeals, but the court declined to entertain the said motions, on the ground that said counsel were not authorized to enter them."

And the question now before us arises upon a motion made in this court on the 15th inst., by John Roberts and his associate counsel, claiming to represent the plaintiff below, for an order to the judge of the Louisville Law and Equity Court to grant it an appeal from the judgment just referred to.

Section 734, Civil Code, provides that: " The mode of bringing the judgment of an inferior court to the Court of Appeals for reversal or modification shall be by an appeal, which shall be granted, as matter of right, to a party or privy against a party or privy by the court rendering the judgment, on motion made during the term at which it is rendered, or, thereafter, by the clerk of the Court of Appeals, on application of either party or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals."

By the strict letter of that section there is no way for a party to bring a judgment of an inferior court to this court for reversal or modification until after the term at which it was rendered has expired, unless the appeal be

granted by such inferior court. And it will thus result, unless this court now intervenes, that the defendant, being under no restraint, may commit what is alleged in the petition, and not denied to be, irreparable wrong and injury to the plaintiff.

The present anomalous condition of this case results from the relation existing between the plaintiff and defendant, in virtue of which, though two distinct corporations created by statute for distinct purposes, the latter has the power, by its general council, to appoint managers or trustees for the former, which power seems to have been exercised to the end, if not for the express purpose, of preventing any judicial inquiry whatever of the grievances that the plaintiff complains have been, or are about to be, committed under authority of the same general council.

The Civil Code was adopted to simplify and effectuate proceedings in courts of justice whereby legal rights may be determined and legal remedies enforced, and it should not be so used or construed as to defeat such objects.

It is a question of law whether the old or new board of managers has authority to conduct and control the action, which, in the interest of the nominal plaintiff, each has a right to have passed on by this, as well as the inferior, court. But the effect of the Chancellor's rulings is that the plaintiff, though its action has been dismissed without any decision on the merits, can not be heard here at all, because the old board is denied the right to prosecute the appeal, and the new board not only refuses, but has attempted, by moving for dismissal, to preclude the plaintiff from appealing.

The action of the lower court in deciding the new and not the old to be the legal board of managers, and then sustaining the motion of the former to dismiss the action, while refusing to recognize the latter, is unquestionably subject to revision by this court.  And as the new board refused and, in fact, put itself in a position where it could not pray an appeal, it was the duty of the court to sustain the motion made by the old board in behalf of the plaintiff and grant the appeal, so this court may decide finally which one of them is the legally constituted board.

There is another aspect of the case entitled to consideration in a court of equity; that is, the duty of the Chancellor always to see to it that the rights of a party such as the plaintiff are protected.  And it is a serious question, though not now necessary to decide, whether, conceding the new to be the legal board, the Chancellor ought to have entertained its motion to dismiss the action, when it was, apparently, so prejudicial to the interests and rights of the plaintiff, unable to speak for itself or the infant beneficiaries of its charity.

The only question left open is whether this court, having the right to revise the judgment of the lower court, can be ousted of its jurisdiction by an error of that court in denying to the plaintiff its right of appeal.

Section 2, article 4, of the constitution provides that "the Court of Appeals shall have appellate jurisdiction only, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law."

As said in Mitcheson v. Foster, 3 Met., 324, " this grant of appellate jurisdiction necessarily implies the grant of

all powers necessary to the proper and complete exercise of such jurisdiction." And we have no doubt of either the power or duty of this court to make whatever orders may be necessary to afford to the plaintiff in this case its remedy by appeal, to which, in the language of the law, it is entitled as matter of right, and about granting which the lower court had no discretion.

Wherefore, the judge of the Louisville Law and Equity Court is hereby directed to sustain the motion made in open court by John Roberts and others, in the name of the plaintiff, May 10, 1889, and to grant to it an appeal to this court from the judgment rendered by said Louisville Law and Equity Court dismissing the action pending therein, of Louisville Industrial School of Reform, plaintiff, against City of Louisville and R. T. Scowden, defendants. And the clerk of this court is ordered to immediately certify this mandate to the said judge.