CASE 59—MOTION—FEBRUARY 24.

# Kelly v. Toney, Judge Jefferson Circuit Court, Law and Equity Division.

1. A MOTION IN THIS COURT FOR A MANDAMUS is the proper remedy to compel the lower court to grant an appeal in cases where the party complaining is entitled to an appeal.

2. FINAL ORDER.—A judgment restraining a party from prosecuting any proceeding in another State to obtain possession of certain property and requiring him to dismiss an action then being prosecuted by him for such possession, and to send a telegram to his attorneys to that effect, appears upon its face to be a final order from which an appeal lies, and the judge of the lower court having refused to grant an appeal, a motion in this court for a mandamus to compel him to do so is sustained, as the term of the lower court at which the judgment was rendered has not yet expired. The mere fact that the judgment is made operative only "until the further order" of the court, does not make it merely an interlocutory order.

BYRON BACON, C. B. SEYMOUR, B. F. BUCKNER AND ERNEST MACPHERSON FOR PLAINTIFF.

HUMPHREY & DAVIE FOR DEFENDANTS.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This case is before us on the motion of the complainant, Kelly, for a mandamus against the judge of the Law and Equity Division of the Jefferson Circuit Court to compel him to grant an appeal from the following judgment:

"John Mitchell v. Oregon Gold Mining Company. At a court held for the Jefferson Circuit Court, Law and Equity Division, on the 8th day of January, 1894:

"This cause having been heard on the motion of the plaintiffs to enjoin and restrain the defendant, Clinton W. Kelly, from proceeding to interfere with the possession of this court, through its receiver, of the property of the Oregon Gold Mining Company, situated in the

County of Union, State of Oregon, and the court being advised, it is ordered that until the further order of this court the said defendant, C. W. Kelly, be and he is hereby enjoined and restrained from further prosecuting, or permitting to be prosecuted, any motion or proceeding to which he is party in the State of Oregon having for its purpose the taking of the possession of the property of said company in Union County, Oregon, or its mines, mills, machinery equipment or other property near Cornucopia, Oregon, or elsewhere in said State, and from further refusing or failing to cause his suit, now pending in said State of Oregon against said company, to be abated and dismissed so far as it seeks the appointment of a receiver of said property, or the taking possession of said property by a receiver, and from refusing and failing to withdraw his motion and proceedings in said case; and from taking or allowing to be taken any steps in said case in carrying into effect any motion or order for a receiver or for the taking possession of said property by a receiver.  And the plaintiffs paid into the court herein the sum of five dollars, and on motion of plaintiffs leave is given to defendant, C. W. Kelly, to immediately withdraw said sum from the court herein, to be applied by him in paying for the sending of a telegram at once to his counsel in said suit in Oregon directing the withdrawal or dismissal of the proceedings for a receiver of said property, and directing that all efforts on the part of any receiver appointed on his motion to take possession of said property shall cease; and he is enjoined from failing or refusing to forthwith send such telegram."

On the 9th day of February, after this judgment was

entered, Kelly, by his attorneys, moved the court to grant him an appeal from the order and judgment of January 9th. This motion was objected to by the counsel of the plaintiffs; the court sustained the objection, overruled the motion for an appeal, and hence this motion and petition for a mandamus.

In the case of Louisville Industrial School of Reform v. City of Louisville, 88 Ky., 584, it was held that a motion in this court for a mandamus was the proper remedy to compel the lower court to grant an appeal in cases when the party complaining was entitled to it. The appropriateness or legality of the remedy we do not understand counsel of the appellees to dispute; but it is urged that the order appealed from is not a final one, and hence from it no appeal lies. It may be admitted that in form the order may be regarded as preliminary, but in effect it terminates the right of Kelly to prosecute an action in Oregon whereby he may obtain possession of certain property alleged to belong to the company; and further, it requires Kelly to dismiss an action then being prosecuted by him for such possession, and to send a telegram to his attorneys to that effect.

It can not be said that upon complying with this order the complainant will be left *in statu quo*. His substantial rights are clearly affected. It is an order to surrender a right, and determines against Kelly his right to prosecute an action for specific purposes. It is true that the order is made effective or operative only "until the further order" of the court; but this is true of the judgments of all courts during the term at which the orders are entered. Such orders may be set aside; nevertheless, they may be appealed from if final in their effect. This judgment

Kelly v. Toney, Judge Jefferson Circuit Court, &c.

appears to have been entered in due course of the trial in a case then pending before the court, and, judging from the order, which alone is before us in this application, is not merely preliminary or provisional in its character. We perceive no reason why the appeal should not be granted.

The complainant can not obtain an appeal from this court until after sixty days from the date of the judgment complained of, and if denied an appeal below, he would be without remedy.  After the appeal has been taken and the entire record brought before us, a clearer understanding may be had of the nature and effect of the judgment complained of. Upon its face, it seems to affect and terminate certain rights of the complainant, and he should have the chance to appeal to test the correctness of the judgment.

The clerk of this court will certify this opinion to the judge of the lower court, who will conform his ruling on the motion for an appeal to the views herein expressed by sustaining the motion of the complainant.

The motion for mandamus is sustained.