Schmidt v. Mitchell, &c.

CASE 60—MOTION—FEBRUARY 24.

# Schmidt v. Mitchell, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. THE CLERK OF THE COURT OF APPEALS HAS NO POWER TO GRANT AN APPEAL from a judgment until after the expiration of the term of the lower court at which judgment was rendered. Therefore an appeal granted by him during the term is absolutely void, and a supersedeas issued by him upon such an appeal being also void may be disregarded.

2. FOR A MERE IRREGULARITY IN THE GRANTING OF AN APPEAL or the issual of a supersedeas, the proper remedy is by a motion to dismiss the appeal or discharge the supersedeas. It is only where the appeal and supersedeas are void that they may be disregarded.

C. B. SEYMOUR, BYRON BACON AND ERNEST MACPHERSON, FOR MOTION.

1. The order appealed from is a final order and appealable. (Civil Code, sec. 368; City of Newport v. Newport Light Co., 92 Ky., 445.)

2. The clerk had a right to grant the appeal and issue the supersedeas. (Civil Code, sec. 734; City of Newport v. Newport Light Co., 92 Ky., 445.)

The case of Louisville Industrial School of Reform v. City of Louisville, 88 Ky., 584, explained.

3. Neither the court below nor any court except this court had the right to pass upon the validity of a supersedeas regular in form; and when a writ is produced which is genuine and which on its face is the writ of this court, it must unhesitatingly be obeyed.

B. F. BUCKNER ON SAME SIDE.

1. The order appealed from is a final order. (City of Newport v. Newport Light Co., 92 Ky., 445.)

2. The appeal was properly granted by the clerk of this court. (Civil Code, sec. 734; Steffen's Ex'ors v. Hutchings, overruling motion to dismiss, September 19, 1891.)

3. Upon the question of the right to appeal from the contempt, see Rapalje on Contempt; Worden v. Searce, 121 U. S., 24–6; Romeyn v. Caplis, 17 Mich., 449; Whittier v. State, 36 Ind., 196; Gaudy v. State, 13 Neb., 451; In re Hummel, 9 Watts, 416; Commonwealth v. Newton, 1 Grant, 454; Stuart v. People, 4 Ill., 395; In re Deatin, 105 N. C., 59; Myers v. State, 46 Ohio, 473; People v. Hackley, 24 N. Y., 77; Pitt v. Davidson, 37 N. Y., 235.

Schmidt v. Mitchell, &c.

HUMPHREY & DAVIE FOR RESPONDENTS.

1. The right to an appeal is a purely statutory right and the right must be exercised in the manner provided for by the statute. (Elliott on Appellate Procedure, secs. 19, 111.)

2. A grant of an appeal by the clerk of this court before the expiration of the term at which the judgment was rendered is a nullity. During the term the lower court alone has the right to grant the appeal. (Civil Code, secs. 734, 749; American Accident Co. v. Reigart, 92 Ky., 142; City of Bowling Green v. Elrod, 14 Bush, 216; Wright v. Woolfolk, 14 Bush, 308; Newport v. Newport Gas Light Co., 92 Ky., 445; City of Louisville v. Louisville Industrial School of Reform, 88 Ky., 589.)

　　Order overruling motion to dismiss appeal in Steffens v. Hutchings distinguished.

3. In Kentucky a judgment committing a person to jail for contempt of court in disobeying an order of court is not an appealable order, and a supersedeas issued by the clerk upon such an appeal is void. (Carroll's Code, note 22 to sec. 734; Patton v. Harris, 15 B. Mon., 607; Commonwealth v. Johnson, 1 Bibb, 598.) And this is not only the rule in Kentucky, but is the general rule. (Rapalje on Contempts, sec. 143.)

　　The case of City of Newport v. Newport Gas Light Co., 92 Ky., 445, distinguished.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On January 31, 1894, the appellant, Schmidt, filed in the office of the clerk of this court a copy of the judgment against him in the Jefferson Circuit Court, Law and Equity Division, in the case of John Mitchell, &c., v. The Oregon Gold Mining Company, &c., and was granted an appeal therefrom by the clerk, who also issued a supersedeas upon the execution by the appellant of the bond required by law.

The inferior court declining to stay proceedings upon the judgment appealed from, the appellant seeks a rule against the judge of that court and certain of the appellees to show cause why they have disobeyed the order of supersedeas.

It is evident that unless this order was absolutely void,

Schmidt v. Mitchell, &c.

it was the duty of the court below and all others to obey it, and if they wished to avoid it by reason of any irregularity in the manner of its issual, a motion to quash would have been the proper remedy. The inquiry therefore is as to the validity of the order of supersedeas.

The judgment sought to be appealed from was rendered on January 30, 1894, the day before the appeal was granted and the supersedeas was issued. This, therefore, was during the term of the inferior court at which the judgment was rendered. Section 734 of the Civil Code provides that an appeal shall be granted as a matter of right "by the court rendering the judgment, on motion made *during the term* at which it is rendered, or *thereafter* by the clerk of the Court of Appeals on application of either party or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals." Therefore the granting of the appeal and the issual of the supersedeas were unauthorized, and these acts were not mere irregularities, to be taken advantage of by motions to dismiss the appeal or to discharge the supersedeas. They are void, and therefore may be disregarded. If the bond were insufficient as to the surety offered, or defective in securing the rights of the appellee, a motion to discharge would have been the proper remedy; or, if the appeal were improperly granted, or the appellant's right to persecute it further had ceased, then a motion to dismiss would be proper. (See sections 750 and 757 Civil Code.)

In American Accident Company v. Reigart, 92 Ky., 142, it was held that the lower court could only grant the appeal during the term at which the judgment or order was rendered. An appeal thereafter granted was

void. The principle of that case is that the lower court has the exclusive right to grant an appeal within the term and after that the clerk of the Court of Appeals has the exclusive right to grant it.

To the same effect is the case of City of Newport v. Newport Gas Light Company, 92 Ky., 445, where it is said: "Four days after this judgment was rendered the appellants sued out an appeal from this court and superseded the judgment. Thereafter, and for the reason, doubtless, that under our Code an appeal can only be granted during the term at which it is rendered, by the court rendering it, and which term of the Louisville Law and Equity Court expires sixty days from the judgment, the appellants asked that court to grant them an appeal. It was refused, and after the expiration of the term they sued out another appeal from this court and again superseded the judgment." The valid supersedeas was the second one sued out after the expiration of the term of sixty days. So also in the case of Louisville Industrial School of Reform v. City of Louisville, 88 Ky., 584, it is said that "there is no way for a party to bring a judgment of an inferior court to this court for reversal or modification until after the term at which it was rendered has expired, unless the appeal be granted by such inferior court." Upon the refusal of the inferior court to grant the appeal, the appellant, if he be otherwise entitled to such appeal, may obtain one from the lower court during the term by motion in this court for a mandamus. In this case he is clearly entitled to the appeal as a matter of right, and upon an application therefor the lower court will grant it. That it affects the sub-

stantial rights of the appellants and is final in its effect is shown in the Kelly motion this day determined (Kelly v. Toney, Judge, &c., 95 Ky., 338.)

The motion is overruled.