CASE 41—PROCEEDING BY THE COMMONWEALTH ON A FORFEITED BAIL.
BOND—June 19.

# Speckert v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   DISMISSED.

APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY—PROCEEDING ON
FORFEITED BAIL BOND A CIVIL ACTION.

Held:   Under Criminal Code Practice, section 94, providing that in
a proceeding on a forfeited bail bond "no pleadings shall be re-
quired on the part of the Commonwealth, but the summons shall
be served, and all subsequent proceedings shall be the same, as
in ordinary civil actions," a proceeding on a forfeited bail bond
is a civil action, and no appeal lies from a judgment therein
for less than $200.

A. J. SPECKERT, FOR APPELLANT.

There are three reasons why the judgment in this case should
be reversed.
1. Because the court erred in not sustaining the motion of the
appellant to dismiss the entire forfeiture proceedings on the
face of the papers.
2. Because the court erred in adjudging the appellant's response in-
sufficient.
3. Because the bond itself is void.   The bond recites "that the above-
named Webb will appear   in   the   c.   c.   court   of   the   city
of Louisville on the first day of October, 1900."   The appellant.
contends there is no such court as the c. c. court.
    The forfeiture proceedings should be dismissed:
1. Because the summons on its face is not direct and positive, and
does not notify the appellant of what he is called upon to
answer.
2. The record of the entire proceedings of the examining court
were not part of the record of the criminal court, and the only
thing that was made part of the record was the bail bond.

### AUTHORITIES CITED.

Abbott v. Com., 10 Ky. Law Rep., 873; Com. v. Long, 4 Ky.
Law Rep., 366; Hinkson v. Com., 12 Ky. Law Rep., 897; Read
v. Com., 13 Ky. Law Rep., 637; Com. v. Campbell, 9 Ky. Law

Rep., 494; Cooper v. Com., 13 Bush, 654; Connolly v. Com., 10 Ky. Law Rep., 873; Com. v. Riffe, 20 Ky. Law Rep., 1608; vol. 3 Am. & Eng. Ency., 694, 695; Wallen v. State, 18 Tex. App., 414; Hammond v. State (Tex. App., 1886), 9 S. W. Rep., 269.

CLEM J. WHITTEMORE AND ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL, FOR COMMONWEALTH.

We claim in this case that the irregularities complained of do not invalidate the bond under section 85, Kentucky Criminal Code.

.The summons is specific and certain, as it reads "a recognizance entered into by him in the police court on the 31st day of July, 1900." Com. v. Nimms, 7 Rep., 286.

OPINION OF THE COURT BY JUDGE WHITE—DISMISSING.

This is an appeal from a judgment on a forfeited bail bond in the Jefferson circuit court. The amount of the bond and judgment is $150. The judgment was rendered January 21, 1901. We are met at the threshold with the question of jurisdiction of the appeal. By subsection 3 of section 94, Cr. Code Prac., it is provided: "No pleadings shall be required on the part of the Commonwealth, but the summons shall be served, and all subsequent proceedings shall be the same as in ordinary civil actions." Section 347, Id., provides: "The court of appeals shall have appellate jurisdiction in penal actions, and prosecutions for misdemeanors, in the following cases only, viz., if the judgment be for a fine, exceeding fifty dollars, or for imprisonment exceeding thirty days," etc. The amendment approved March 14, 1898, provides: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than two hundred dollars exclusive of interest and costs. . . . In all other civil cases the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts." Except as to

felony cases, these two sections define our jurisdiction. If this proceeding is a civil action, it is below our jurisdiction, as the judgment is only for $150. If the proceeding is not a civil action, then no right of appeal exists, as the right to appeal by the Criminal Code is to penal actions and prosecutions for misdemeanors. We are of opinion that a proceeding on forfeited bail bond is a civil action, as is provided by section 94, supra, and therefore this court has no jurisdiction of this appeal. Dismissed.