CASE 46—MOTION FOR A WRIT OF MANDAMUS AGAINST JOHN T. HODGE, JUDGE OF THE CAMPBELL CIRCUIT COURT—June 21.

# Shoemaker v. Hodge, Judge.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

MOTION SUSTAINED AND WRIT GRANTED.

MUNICIPAL CORPORATIONS—CONSTITUTIONALITY OF STATUTE GIVING PRECEDENCE TO ACTION TO TEST VALIDITY OF ORDINANCE—MANDAMUS BY COURT OF APPEALS AGAINST CIRCUIT JUDGE.

Held: 1. Kentucky Statutes, section 3063, giving any *bona fide* citizen and resident of any city of the second class the right, upon an *ex parte* petition filed in the circuit court, to have the validity of a city ordinance tested, and making it the duty of the court to give such cases precedence of all others, is not unconstitutional.

2. Where such an action has been pending for more than four months, and the court, after setting aside an order of submission, has refused for two months to take any other step in the case, the court of appeals will require the judge, by mandamus, to make a final order in the case, by adjudging the ordinance to be either valid or invalid, or, if the action is not properly prepared, by dismissing it without prejudice, or for lack of preparation.

CHIEF JUSTICE PAYNTER AND JUDGE HOBSON—DISSENTING.

C. S. SPARKS, ATTORNEY FOR PLAINTIFF, SCOTT SHOEMAKER.

The petitioner in this case alleges that the plaintiff, Scott Shoemaker, on February 1, 1901, filed his *ex parte* petition in the Campbell circuit court to test the validity of an ordinance of the city of Newport, entitled, "An ordinance increasing the members of the board of aldermen from four in number to five in number," passed November 30, 1900.

Said *ex parte* petition was filed by said Shoemaker as a *bona fide* resident and citizen of said city of Newport by virtue of section 3063 Kentucky Statutes, which is a part of the charter of said city, which section in part reads:

"The validity of city ordinances and by-laws may be tried by a writ of prohibition from the circuit court with right of ap-

peal to the court of appeals or upon an *ex parte* petition by the city or any *bona fide* citizen and resident thereof to the circuit court with right of appeal; and it is made the duty of said court to give such cases precedence of all other cases so that prompt decisions may be rendered."

Petitioner further alleges that upon the filing of his petition, the following order was made: "Came plaintiff and filed notice and motion for judgment, and the city of Newport objects and enters a general and special demurrer to the petition herein and this cause is set for hearing February 5, 1901.

Oral arguments were heard on said special and general demurrers on February 5, 1901, and on said day this order was made: "Came Scott Shoemaker and moved to submit this cause for judgment, and the city of Newport in pursuance to notice served, objects, and this cause is submitted and the city of Newport excepts."

On April 9, 1901, this order was made: "The submission is set aside."

No other order or judgment was made by the court or the judge thereof in said case after February 5, until April 9, 1901.

On April 13, petitioner, in pursuance to a written motion filed in said court on April 11, moved said judge to re-submit for judgment, which motion was overruled and exception entered by petitioner." The said judge has continuously held court in said city from February 6, 1901, to April 15, 1901, disposing of other causes in his court, both civil and criminal, and is refusing to give petitioner's case precedence of other cases or to render any order or judgment therein as required by law and will continue to fail to do so unless compelled to do so by the interposition of this court.

Under this showing, we claim that the petitioner is entitled to the writ of mandamus compelling said judge to try this case.

### CITATION OF AUTHORITIES.

Ky. Stats., 3063; Cassidy, Auditor's Agent v. Young, County Judge, 92 Ky., 229, 232; Shine v. Ky. Cent. Ry. Co., 35 Ky., 182; Vance v. Field, 89 Ky., 183; Lowe v. Phelps, 14 Bush, 644; Daniel v. Warren County Court, 1 Bibb, 500; Simpson v. Register Land Office, Sneed, 218; Lou. School of Reform v. City of Lou., 88 Ky., 534; Kelly v. Toney, Judge, 95 Ky., 338; 96 Ky., 258; 88 Ky., 700.

AUBREY BARBOUR, ATTORNEY FOR DEFENDANT

The defendant by his answer and special and general demurrer to plaintiff's petition raises the question of the juris-

Shoemaker v. Hodge, Judge.

diction of this court, but this question we are not inclined to press.

The grounds for the general demurrer are two:

1. There is no sufficient showing in the petition of a demand upon the defendant to perform the ministerial duty of rendering a final judgment.

2. There is no sufficient showing in the petition of a refusal on the part of the defendant to render a final judgment. We further suggest the question: Can the lower court be compelled to advance this case, or rather give it precedence over all other cases, and is not section 3063, Kentucky Statutes, in that respect unconstitutional?

First: It is a species of special legislation in that it places the city of Newport, or any petitioner proceeding under said section, in an advantageous attitude over all other persons who have equal rights before the courts.

Second: It attempts by an act suggested in its title the nature of this particular provision to change, by making an exception, the general laws prescribing the duties of circuit courts and judges.

OPINION OF THE COURT BY JUDGE GUFFY—GRANTING THE WRIT OF MANDAMUS.

It appears from this record that the plaintiff on the 1st day of February, 1901, filed his petition in the Campbell circuit court to test the validity of a certain ordinance passed by the general council of Newport, which ordinance is set out and properly described in the petition, together with all the proceedings connected with and pertaining thereto. It is claimed that said ordinance is invalid, unconstitutional, and void. Said petition is numbered 13,254 upon the records of said court. It further appears that on the 1st day of February, 1901, a written notice was duly served upon the said city of Newport by said Shoemaker, notifying said city that he would on Saturday, February 2d, move the said court for judgment upon his said petition, and that in pursuance thereof, and on said February 2d, the said city, through its

attorney, entered a special and general demurrer to the petition, and plaintiff moved the court for judgment upon his petition; and then and there the said judge made the following written order: "Came plaintiff and filed notice and motion for judgment, and the city of Newport objects and enters a general and special demurrer to the petition herein, and this cause is set for hearing on February 5, 1901." It further appears that on said 5th of February the said judge heard oral arguments of counsel for both parties on said demurrers, and also said motion of petitioner for judgment on his said petition and thereupon, and on said last-mentioned day, the motion of plaintiff for judgment on said petition was duly submitted to said judge for judgment, which order is as follows: "Came Scott Shoemaker, and moved to submit this cause for judgment; and the city of Newport, in pursuance to notice served, objects, and this cause is submitted, and the city of Newport excepts." And on the 9th of April, 1901 the following order was made by said judge: "The submission is set aside." It further appears that on the 13th of April, 1901, the plaintiff, in pursuance to a written motion duly filed in said court on the 11th of said month, duly moved the judge of said court to re-submit for judgment in accordance with the prayer of said petition, which motion was overruled, over the exceptions of plaintiff. Said order reads as follows: "Petitioner moves to re-submit for judgment in accordance with the prayer of petition, and said motion is overruled, and petitioner excepts." The judge at the time he set aside the submission filed a written opinion, and it is alleged, and not denied, that no other order has been made in said case since the order of April 13, 1901. It is further alleged that said Hodge has failed and refused to make

any order or judgment in said case since said order of February 5th, April 9th, and April 13th, although often requested so to do. It also appears from the petition that the said circuit court has been in session many days since said 13th day of April, and has transacted much business and rendered judgments. The plaintiff filed his petition and entered a motion in this court for a mandamus against the said circuit judge commanding and requiring him to submit said petition, and for judgment thereon, and to proceed to render judgment in such cause for such other orders as justice may require.

The power of this court to issue a mandamus in a proper case is beyond dispute, and in fact is conceded by the defendant. It is conceded by defendant that the record as presented by plaintiff truly shows the only orders made in the case. But it is the contention of defendant that he has not been negligent or remiss in disposing of the action instituted by Shoemaker. The constitutionality of section 3063, Kentucky Statutes, is also denied or questioned. The section of the statute gives to any *bona fide* citizen and resident of any city the right, upon *ex parte* petition filed in the circuit court of the county, to have the validity of a city ordinance tested; and it is made the duty of the said court to give such cases precedence of all other cases, so that prompt decisions may be rendered. It is manifest that a prompt decision as to the validity of city ordinances should be had. The business of municipalities is often urgent, and large interests, both of person and property, are controlled or disposed of under and by virtue of city ordinances. Hence we are of opinion that the enactment of the section supra was a proper exercise of legislative authority, and is in no sense a special or local law.

At the time the submission of this cause was set aside

by the circuit court, the judge filed a written opinion which to some extent may be considered as criticising the petition, and indicating that the petition did not show all the facts necessary to enable the judge to render an opinion upon the validity of the ordinance. It is suggested that the evidence or exhibits filed was not sufficient to present all the facts and questions necessary to a proper determination of the question at issue. It is doubtless within the sound legal discretion of the court to set aside an order of submission, with the view of allowing either party to perfect a cause of action or defense. But it is wholly unnecessary to pass upon that question; for it may be conceded that the order setting aside the petition was proper, and still plaintiff's motion in this court would remain wholly unaffected by said order. There is no reason given by the court for the refusal to re-submit the cause on the 13th of April, 1901; and, considering the length of time the case has been pending, it seems to us that the judge should have re-submitted the case and rendered a final judgment thereon,—that is, made a final order in the case, either by adjudging the ordinance to be invalid, or else adjudging it to be valid; or if the case was not properly prepared, so as to enable the court to render a judgment upon the merits, the case could have been dismissed without prejudice, or for lack of preparation. In our opinion, no further demand or request for a decision was necessary to be made by the plaintiff, although he alleges, in substance, that he often demanded a decision or trial of his cause of action. We do not mean to impute any intentional negligence or inattention to the honorable judge of Campbell circuit court, but we regard the statute in question as mandatory upon the circuit judge; and we feel that it is our bounden duty, under the law, to grant the mandamus applied for by the plaintiff. It

Shoemaker v. Hodge, Judge.

is therefore ordered and adjudged that a mandamus issue, requiring the judge to proceed to try and determine plaintiff's cause of action.

Whole court sitting.

Chief Justice Paynter expresses the following views:

I concede that the court has the authority to grant a writ of mandamus, and that it is its duty to do so in proper cases; but, in my opinion, it is a power that should be sparingly exercised. I do not think the facts of this case justify the court in awarding the writ. The proceeding is *ex parte*, and the result of it affects the city government,—a question in which the citizens of Newport are interested. Upon an examination of the case after it was submitted, the judge of the Campbell circuit court was of the opinion that proper evidence had not been furnished to enable him to pass upon a question of such vital importance. He therefore set aside the order of submission, giving as his reason therefor that the case was not properly prepared for trial. Had it been a case affecting alone the plaintiff, the court could with propriety have proceeded to render judgment in the case. I regard this as an entirely different question from one where a plaintiff seeks to recover a pig or a calf, and desires his case to be submitted to the court without preparation. His petition could be dismissed without prejudice to anybody except himself. Whatever way the court may have decided the question involved in this case, it had a material effect upon the public interest; and, therefore, as it was an *ex parte* proceeding, I think the court acted wisely in deciding that the case should be properly prepared before it gave a judgment which must declare the ordinance in question valid or invalid.

Judge Hobson concurs.