## Commonwealth v. Hurst.

(Decided September 24, 1912.)

Appeal from Wolfe Circuit Court.

Bail Bond—Forfeiture of—Delivery of Defendant to Jailer—Setting Judgment Aside.—A judgment of forfeiture upon a bail bond was properly set aside, where the defendant was delivered to the jailer before the term of court as fixed by statute ended, although the business of the court had been finished and an adjournment had some seven or eight days before, the surety having understood that he had until the end of the term to produce the defendant and acted in good faith in his efforts to effect the capture and delivery of the defendant.

T. C. JOHNSON, County Attorney, JAMES GARNETT. Attorney General and S. G. SAMPLE for appellant.

J. J. C. BACH, GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee became surety for Lark Hollon on a bail bond of $750.00 for his appearance in the Wolfe Circuit Court. Hollon failed to appear at the second term of the court after the bond was executed, the bond was forfeited and summons awarded against appellee. At

the next term of the court, judgment was rendered for the full amount of the bond. Hurst then filed a petition stating why this judgment should be vacated, his main reason being, in substance, that he appeared at the term of the court in which judgment was rendered against him, and asked, on the third day, for a continuance, stating that Hollon had left the State; that he had just recently located him in Tennessee, and that if he were given a reasonable time he could produce him in court. The representative of the Commonwealth objected to a continuance, and the court, from the bench, stated to him that the reasons set forth were not legal causes for a continuance, but that the Commonwealth desired the person of Hollon very much, so that he could be tried for the offense with which he was charged, and if he would produce him in court some time during the session, he would consider that fact in rendering judgment against him on the bail bond, but that if he did not produce him or file an answer by that time setting forth a defense, he would render judgment against him at that session. This is the Commonwealth's theory. Appellee's version is the same, except he claims that the court said if he produced Hollon before the end of that "term" of court he would not render judgment against him on the bail bond; that what the Commonwealth desired was an opportunity to try Hollon and not to compel him to pay the amount of the bail bond if it could reasonably avoid it. That term of the Wolfe Circuit Court, as fixed by the statute, was eighteen juridical days, and appellee produced Hollon on January 28, which was seven or eight days before the court would have adjourned had it occupied the eighteen juridical days allowed by statute, but the court concluded the business on January 27, which was eight or nine days before the expiration of the eighteen juridical days, and adjourned the session.

Hurst delivered Hollon to the jailer, and he was tried at the next term, convicted and sentenced to the penitentiary, where he is now confined. Judge A. J. Kirk presided at the trial, as the regular judge declined to try the case, and he sustained Hurst and set the judgment of forfeiture aside, redocketed the case of the Commonwealth against Hurst, tried it and released appellee from the payment of the bond, but required him to pay the cost of the proceeding, which he did. It

also appears that Hurst expended something over $80.00 in capturing and returning Hollon to the jailer. There was no motion for a new trial filed, nor was there any bill of exceptions filed in this case, therefore, we cannot consider anything but the pleadings, and they are, we think, sufficient to support the action of the lower court. See section 94 of the Criminal Code; Specker v. Commonwealth, 111 Ky., 375; Owensboro, &c., R. R. Co. v. Barker, 15 Ky. L. R., 175. In addition, this court is not authorized to set aside an order of a lower court granting a new trial unless it clearly appears that the lower court abused its legal discretion in the matter.

While we are of the opinion that the preponderance of the evidence on that question, if allowed to consider it in this case, sustains the theory of the Commonwealth, yet there was evidence that authorized the lower court to conclude that appellee did not understand what the court said, but believed that he was given the right to produce Hollon any time within the eighteen juridical days which the statute allowed for that term of the court. His conduct indicated that he so believed. He at once started for Hollon, used due diligence in capturing and returning him to the court, and expended something like $80.00 in doing so. He had no idea that he was limited to any day that the judge might adjourn the session. It would have been almost impossible for him to have returned Hollon before the court adjourned, and if his release upon the bond depended upon such extreme contingency as claimed by the Commonwealth, a reasonably prudent person would not involve himself in the loss of time and expenditure of money in attempting to produce Hollon. For these reasons, the judgment of the lower court is affirmed.