### Grubbs v. Smith, Circuit Judge, et al.

(Decided February 19, 1932.)

MILLARD D. GRUBBS pro se.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Denying petition for writ of prohibition.

The petitioner, an attorney, was, by judgment of the Christian circuit court entered on October 8, 1929, disbarred from the practice of law in the courts of this commonwealth. He thereafter brought suit to vacate that judgment under section 518 of the Civil Code of Practice, in which effort he was unsuccessful. By this original proceeding in this court, he now seeks to prohibit the judge and clerk of the Christian circuit court from carrying into effect or giving any force to the judgment of October 8, 1929. The grounds relied upon to sustain this writ of prohibition are alleged errors which petitioner claims occurred during the trial of his disbarment proceeding, and the suit to vacate that judgment, all of which errors, if they be such, are available to him for review, if he has not lost them by his own neglect by an appeal from the judgment of October 8, 1929.

This court judicially knows that petitioner has appealed from that judgment and has superseded it, and that that appeal does not stand for trial in this court until the April, 1932, term of this court. The petitioner has superseded that judgment, so that it is impossible for the respondents herein, so long as the supersedeas is in effect, to carry out the judgment of October 8, 1929. The petition for writ of prohibition will have to be denied on two grounds: First, it is prematurely brought; and, secondly, the petitioner has an adequate remedy by appeal to correct any of the errors alleged in the petition filed in this court if he has not lost such right by his own neglect, a question expressly not here decided. Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672. If his right to correct any error has been lost by his own neglect, it is obvious that he cannot correct such error by the proceeding here attempted.

The petition for a writ of prohibition is denied.