## Tabor v. Coleman, Judge.

October 15, 1946.

Rodes K. Myers, Leland H. Logan and A. Winkenhofer for petitioner.

R. D. Willock, Commonwealth's Attorney, William H. Natcher, County Attorney, and J. T. Orendorf, City Prosecuting Attorney for respondent.

OPINION OF THE COURT BY JUDGE SILER—Denying writ.

This is an original proceeding in this court seeking a writ of prohibition against Honorable R. M. Coleman, Judge of the Warren Circuit Court, to restrain him from carrying out two judgments of contempt, aggregating six months in jail and a fine of $1,000, rendered against the petitioner, Pauline Tabor.

In an agreed stipulation of facts filed with the record in this case and made part of same, we found the following words and figures: "That the Petitioner prepared her record on the appeal from the two judgments finding her guilty of contempt of said injunction and filed the same in the office of the Clerk of the Court of Appeals on August 27, 1946, and that a supersedeas bond was executed on February 11, 1946, and the supersedeas issued thereon on the same date."

From the above quotation it may be noted that this petitioner has appealed from the very, identical contempt judgments, the enforcement of which she is herein seeking to have restrained. According to her stipulation, she has superseded those contempt judgments and filed her transcript of record with the clerk of this court. Assuming, as we must from the quotation set out above, that the petitioner has her remedy by appeal, which appeal has already been perfected and prosecuted in another case, this court has no authority whatever to grant the requested writ of prohibition. See the cases of Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Grubbs v. Smith 242 Ky. 478, 46 S. W. 2d 766.

The petitioner appears to have an adequate remedy by appeal to correct the errors, if any, complained of in her petition, provided she has not lost her right of appeal by her own neglect, a question not expressly decided at this time nor in the instant case. The status quo of each of the comtempt judgments will be preserved and maintained, pending the appeal from such judgments to this court, by means of the supersedeas that has already been issued in those two cases. A writ of prohibition in this present case would accordingly be an extraneous irrelevancy.

Wherefore, the petition for a writ of prohibition is hereby denied.