## CARR et al. v. BROWNFIELD.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Wallace & Hopson, Louisville, for appellants.

Leo J. Sandmann, Louisville, for appellee.

COMBS, Justice.

The appeal is from a judgment setting aside a default judgment and granting a new trial to the appellee, Brownfield, in an action in which he was the defendant and

the appellants, J. W. Carr and wife Ada Carr, were the plaintiffs.

Counsel for Brownfield has filed in this Court a pleading designated an "answer" in which he prays that the appeal be dismissed on technical grounds relating to the bill of exceptions, and failure to file motion for an appeal. Counsel would be in better position to take advantage of his adversary's defections if he had complied with the rules himself. Questions of this nature, when the facts are shown by the record, should be raised by motion to dismiss the appeal or motion to strike the bill of exceptions, and not by answer. Section 757, Civil Code of Practice; Schmidt v. Mitchell, 95 Ky. 342, 25 S.W. 278; Bailey v. Louisville & N. R. Co., Ky., 44 S.W. 105; Wermeling v. Wermeling, 224 Ky. 107, 5 S.W.2d 893.

Evidence on the petition for a new trial was heard in open court, and the bill of exceptions was not approved within the time granted for that purpose, but since there is no motion to strike the bill, and since we have concluded the case should be affirmed on the merits, we waive the procedural defects in perfecting the appeal.

The original action in which the Carrs were plaintiffs and Brownfield was defendant was predicated on an alleged breach of contract by Brownfield in making certain repairs to the Carrs' residence. It is stated in the petition that Brownfield was served with process in the first action on June 11, 1948. Within a few days thereafter the Jefferson circuit court adjourned for the summer and did not reconvene until September. After the service of process upon him, Brownfield communicated with his attorney. The attorney obtained and forwarded to Brownfield a copy of the petition and advised him to see if he could settle the suit with the Carrs. Brownfield thereupon attempted to placate the Carrs by correcting the defects in his workmanship and making the adjustments they desired to be made, the last work being done by Brownfield on October 1. In the meantime no defense had been made to the suit, and on the same day the last work was done by Brownfield the Carrs obtained a default judgment against him in the amount of $924. According to Brownfield the conduct of the Carrs in permitting him to do the additional work and make the adjustments they desired threw him off guard and lulled him into the belief they would not prosecute the suit. It is shown by the testimony that Mr. Carr told Brownfield that if he (Brownfield) could satisfy Mrs. Carr with the work it would be satisfactory with him.

There is no escape from the conclusion that both Brownfield and his attorney were careless in failing to make some defense to the Carrs' suit. On the other hand, the conduct of the Carrs in permitting Brownfield to do the additional work and attempt to satisfy their complaints was not consistent with the continued prosecution of the suit. The trial court, after hearing the testimony and observing the witnesses, concluded Brownfield was entitled to a new trial. The trial court is vested with a broad discretion in granting or refusing a new trial, and this court will not interfere unless it appears there has been an abuse of discretion. Benberry v. Cole, Ky., 246 S.W.2d 1020. We find no abuse of discretion.

The Carrs insist the petition for a new trial does not state a cause of action because it fails to state a valid defense to their claim. Examination of the petition discloses that Brownfield specifically pleaded that prior to the entry of the default judgment all of the work about which the Carrs complained had been completed, finished and reinstalled to their satisfaction, with the exception of certain tile work which the Carrs did not want disturbed. It would have been better practice to make the proceedings in the first case a part of the petition in this case by express reference, but the failure to do so was not fatal. The case of Noe v. Davis, 171 Ky. 482, 188 S.W. 457, relied on by the Carrs, is not applicable. In that case the petition for a new trial failed to state a valid defense to the claim.

The judgment is affirmed.