Jessie CHILDERS, Petitioner,

v.

James B. STEPHENSON, Judge, etc. Respondent.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Dan Jack Combs, Pikeville, for petitioner.

John M. Stephens, Pikeville, for respondent.

MONTGOMERY, Chief Justice.

Jessie Childers filed his petition in this court against James B. Stephenson, as Judge, Civil Division, Pike Circuit Court, seeking relief by way of mandamus or prohibition.

Childers, as an employee, filed his claim against Hackney's Creek Coal Company with the Workmen's Compensation Board. The referee awarded him compensation for total permanent disability. On full board review, by an order dated April 1, 1958, the referee's award was set aside and the claim was dismissed. On April 15, 1958, the board, sua sponte, entered an order setting aside its order of April 1, 1958, and the cause was placed on the motion docket for further disposition.

Childers, on April 19, 1958, filed a petition for review, designated as Civil Action No. 3151, in the Pike Circuit Court, in which he asked that the April 1 order of the compensation board be adjudged void and set aside and that the cause be referred to the board, with direction to award Childers compensation on the basis of total permanent disability. The reason assigned for filing the petition was that the petitioner had doubt as to the board's right to set aside its order of April 1, 1958. No mention of the April 15 order is contained in the petition for review.

Judgment was entered in the Pike Circuit Court affirming the board's order of April 1, 1958, insofar as Childers' claim was dis-

missed, and setting aside the order insofar as it held that the employer had timely notice of the employee's claim for compensation. By this original action, Childers seeks "to prohibit Respondent from entertaining Civil Action No. 3151 and manditorily (sic) requiring him to set aside his judgment heretofore entered on the ground that same is void for want of jurisdiction; manditorily (sic) requiring Respondent to remand the record to the Workmen's Compensation Board of Kentucky until a majority of said Board can concur in a final disposition of said action."

■ The relief sought is by mandamus or prohibition. This Court has power to issue such writs as may be necessary to give it general control over courts of inferior jurisdiction. Kentucky Constitution, Section 110; Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540, 170 S.W. 1187. Two of the means by which such control may be exercised are writs of mandamus and prohibition.

■ A writ of mandamus will be issued to compel a court of inferior jurisdiction to take such action as the law makes it mandatory it should take. Shoemaker v. Hodge, 111 Ky. 436, 63 S.W. 979, 23 Ky. Law Rep. 736; Kelly v. Toney, 95 Ky. 338, 25 S.W. 264, 15 Ky.Law Rep. 718; Louisville Industrial School of Reform v. City of Louisville, 88 Ky. 584, 11 S.W. 603, 11 Ky.Law Rep. 109; Terry v. Baker, 23 Ky. Law Rep. 2406, 67 S.W. 258; Commonwealth v. Cantrill, 25 Ky.Law Rep. 20, 74 S.W. 691; Davidson v. Lewis, Judge, 159 Ky. 798, 169 S.W. 538. However, this Court will not attempt to control the discretion of an inferior court by issuance of such writ. Atkinson v. Riley, 23 Ky.Law Rep. 731, 63 S.W. 752; Alexander v. Moss, 28 Ky.Law Rep. 171, 89 S.W. 118; Williams v. Howard, 192 Ky. 356, 233 S.W. 753; Union Trust Company v. Garnett, 254 Ky. 573, 72 S.W.2d 27. When the circuit court has entered a final judgment, mandamus will not lie. Taylor v. Stevenson, 309 Ky. 68, 215 S.W.2d 947. Accord-

ingly, mandamus is not available as a remedy to the petitioner.

■ The bases for the issuance of a writ of prohibition to control the action of an inferior court are: (1) The inferior court is threatening to proceed or is proceeding in a matter in which it has no jurisdiction and there is no remedy through an application to an intermediate court; and (2) although proceeding within its jurisdiction it is exercising or about to exercise it erroneously and there exists no adequate remedy by appeal, or otherwise, and great injustice and irreparable injury would result to the applicant if it should do so. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915.

■ The inferior court is not threatening to proceed and is not proceeding in the matter but has already acted and has granted final judgment. Stafford v. Bailey, 301 Ky. 155, 191 S.W.2d 218. Petitioner complains that the respondent had no jurisdiction to consider the case on its merits and that the judgment is void. The matters to be determined by the circuit court on review in workmen's compensation cases are defined in KRS 342.285. The circuit court on a proper and timely appeal has jurisdiction of the cause and of the parties and its failure to review the record in accord with the statute renders its judgment erroneous but not void. An appeal is provided from an erroneous judgment. KRS 342.290. Such appeal is an adequate remedy. Tabor v. Coleman, 303 Ky. 95, 196 S.W.2d 969; Luster v. Auxier, Ky., 285 S.W.2d 900. Two other necessary conditions, great injustice and irreparable injury, are not shown to be present. Therefore, petitioner has failed to establish that this is the exceptional, extraordinary, or unusual case which justifies the use of the writ of prohibition. Thompson v. Wood, Ky., 277 S.W.2d 472; Murphy v. Thomas, Ky., 296 S.W.2d 469.

The writs of mandamus and prohibition are denied.