Samuel Slade *v.* John Eckler, et al.

**Evidence—Excluding Record of Another Suit, Though Irregular.**
    However irregular may have been the records of a suit, unless it is void, it is not subject to be collaterally questioned, and it is error to exclude same as evidence in another suit subsequent thereto.

APPEAL FROM HARRISON CIRCUIT COURT.

November 30, 1869.

Opinion of the Court by Judge Hardin:

This suit, though commenced in equity, was tried as an ordinary action for the recovery of about 9¾ acres of land which the plaintiff claimed, as embraced by a patent to James Brooks for 9,114¾ acres of land, dated 1905. And by a deed made by Theophilus Channing, as commisisoner for the heirs of Brooks, to William Logan's devisees, dated December 17, 1831, and made under a decree of the Harrison circuit court in the suit of Pricilla Logan and others against Simon Kenton's heirs and others; and by a devisees of William Logan, deceased, made by John Trimble, under a power of attorney, to W. W. Trimble in 1852; and by a deed from W. W. Trimble to H. Cox, dated February 20, 1854; and by a deed from Cox to the plaintiff, dated in February, 1864.

These title papers, together with a transcript of the suit of Logan, etc., vs. Kenton's heirs, etc., and the will of William Logan, deceased, and said power of attorney to John Trimble, were read to the jury on the trial as evidence for the plaintiff, and oral testimony was adduced conducing to show that they covered the land in dispute.

When the evidence was closed, the defendant moved the court

> "To exclude the record and proceedings in the case of Priscilla Logan, etc., vs. Simon Kenton, etc., from the jury, and the commissioner's deed made under the interlocutory decree therein, which motion was sustained, except to show boundary."

The defendant also moved to exclude the power of attorney to

---
Opinion of the Court.
---

John Trimble and the copy of William Logan's will, and this motion was sustained.

These rulings were duly excepted to, and are now complained of as grounds for reversing the judgment which was rendered for the defendant.

Although the proceedings in the suit of Logan, etc., vs. Kenton's heirs, etc., may have been irregular, they do not appear to have been void, and therefore according to various decisions of this court, they were not subject to be collaterally questioned, they were, therefore, erroneously excluded. (*8 Bibb, 102; 9 Dana, 277.*)

It seems to this court, also, that there was not sufficient reason for excluding either of the other papers which the court had permitted the plaintiff to read to the jury.

Wherefore, the judgment is reversed and the cause remanded for a new trial, and for further proceedings not inconsitsent with this opinion.

*Trimble, for appellant.*

*Ward, for appellee.*