CASE 87.—ACTION BY T. J. DOUGLASS AND OTHERS AGAINST A. A. HAZELRIGG, COUNTY JUDGE, AND OTHERS TO REQUIRE HIM TO ACCEPT THE BOND OF SAID DOUGLASS AS ROAD SUPERVISOR.—October 17.

# Hazelrigg, County Judge, etc. v. Douglass, etc.

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for plaintiffs, defendants appeal—Reversed.

1. Criminal Law—Appeal—Supersedeas—Operation and Effect.— Criminal Code Prac., section 348, provides that an appeal in a prosecution for a misdemeanor, must be prayed during the term at which the judgment is rendered, and shall be granted on condition that the record be lodged with the clerk of the Court of appeals within 60 days after judgment. Section 349 provides that the appeal shall not suspend the execution of the judgment, unless defendant execute before the clerk of the circuit court a bond for the payment, if the judgment be affirmed, of the fine and costs, and cause the same to be copied into the transcript, on which being lodged with the clerk of the court of appeals he shall issue a certificate that execution of the judgment is suspended. Held, That the judgment appealed from was suspended on the execution of the bond, and not only from the time of filing the transcript with the clerk of the court of appeals and issuance of his certificate.

2. Same.—Constitution section 227 provides that the judges of the county court, justices of the peace, and other officers named shall be subject to indictment for malfeasance in office or willful neglect, and, on conviction, that their respective offices shall become vacant, but that any such officer shall have the right to appeal to the court of appeals. Ky. Stats., 1903, section 3748, enacted in pursuance of section 227,

Hazelrigg, County Judge, etc., v. Douglass, etc.

provides that any such officer on conviction shall be fined as therein prescribed, and that the office held by him shall become vacant, but that he may appeal to a court of appeals. Held, That where, on conviction of a member of the fiscal court of malfeasance in office and judgment entered imposing a fine and declaring his office vacant, he appealed, and executed a supersedeas bond, the operation of the judgment was thereby suspended, both as to the fine and the vacation of his office, and that, pending appeal, he was entitled to perform the duties of his office.

C. C. TURNER, attorney for appellant.

J. H. HAZELRIGG of counsel.

POINTS AND AUTHORITIES CITED.

1. Election of road supervisor. (Ky. Stats., 1837.)

2. Right of justice of peace to act pending appeal from judgment of ouster. (Criminal Code, 349.)

3. The act of 1851 has not been repealed, either expressly or by implication. (Acts 1850-51, vol. 1, p. 385; Constitution 1850, article 4, section 36; Acts 1853-54, vol. 1, p. 92.)

4. Did the adoption of that Code repeal section 3 of Act 1851. (Payne v. Conner, 3 Bibb, 181; Patterson v. Caldwell, 1 Met., 489; Grigsby v. Barr, 14 Bush, 330; Commonwealth v. Watts, 84 Ky. 545.

5. Is judgment of ouster a self-executing judgment, and what is meaning of section 227, Constitution. (Section 227, Constitution of Ky.; Ky. Stats., 3748.)

6. Self-executing judgments may be suspended in Kentucky. (Elizabethtown, etc., R. R. Co. v. Ashland, etc,. Street Railway Company, 94 Ky., 478; Civil Code, 747.)

W. B. WHITE, attorney for appellee.

LEWIS APPERSON and PREWITT & SENFF of counsel.

POINTS AND AUTHORITIES.

1. A judgment of conviction of a misdemeanor is in no state of case suspended until the issual of the supersedeas by the clerk of the court of appeals. (Criminal Code, sec. 349; Commonwealth v. Howard, 81 Ky., 57.)

2. The act of 1851, relative to proceedings against officers, has long since been repealed by the Codes and Statutes. (Broadus v. Broadus, 10 Bush, 299; Parish v. Ferguson, 83 Ky.. 18; Patterson v. Commonwealth, 86 Ky., 313; Gorham v. Luckett, 6 B. M., 146; Bohannon v. Commonwealth, 95 Ky. 334; Treasurer, etc., v. Stone, 19 Ky. Law Rep., 246; Commonwealth v. Grinstead, 108 Ky., 59; Sutherland's Statutory Construction, 2 Ed., sections 269, 270, 271.)

3. A judgment of ouster on conviction for malfeasance can not be superseded. (Elliott on Appellate Procedure, sections 392 and 393; 2 Cyc., p. 908; Tyler v. Presly, 72 Cal., 290; Walls v. Palmer, 64 Ind., 493; State v. Woodson, 128 Mo., 497; Mayor v. Shaw, 14 Ga., 162; Fawcett v. Superior Court, 15 Wash. 342, 55 Am. St. Rep. 894; People v. Stephens, 98 Mich., 218; Allen v. Church, 101 Iowa, 116; State v. Meeker, 19 Neb., 444; 9 Cyc., p. 865; State v. Poindexter, 86 Pac. Rep., 176.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The principal question involved in this case is whether or not a public officer who has been indicted and convicted of malfeasance in office, and a judgment entered upon the verdict declaring his office vacant, may suspend the operation of the judgment by an appeal and execution of a supersedeas bond, whereby pending the appeal he may perform the duties of the office. The question comes up in this way: The fiscal court of Montgomery county is composed of the county judge and six justices; thus making it necessary that four of the court, if all the members are present, shall vote in favor of a proposition before it carries. On September 22, 1906, three of the members of the fiscal court were tried before a jury and convicted of malfeasance in office; a fine of $350 being assessed against each of them, except one who was fined $100. The judgment entered upon the verdict, in addition to imposing the penalty fixed by the jury, adjudged that "the offices held by said

defendants be, and they are here, declared to be forfeited and vacant, to all of which the defendants each object and except, and pray an appeal to the Court of Appeals, which is granted.'' On the same day each of them executed a sufficient appeal bond before the clerk of the circuit court. On October 6th an election was held by the fiscal court for the purpose of electing a road supervisor. All the members of the court, including those who had been convicted, were present. The three convicted justices and the county judge declined to vote for appellee Douglass, who was a candidate, but he received the votes of the other three members of the court. If the justices convicted had a right to participate in his election, he did not receive the votes of a majority of the court who were present and was not elected. If the convicted members were not entitled to vote, then the other three and the county judge constituted a quorum, and, having received the votes of three, he was elected. Afterwards the county judge refused to permit Douglass to qualify as supervisor, upon the ground that, as all the members of the court were present and entitled to vote, he did not receive the vote of a majority, and hence was not entitled to the office. Thereupon Douglass brought this action against the appellant, who was county judge, to require him to accept his bond. The lower court held that Douglass was legally elected, and directed the county judge to permit him to qualify. From that judgment, the county judge prosecutes this appeal.

Preliminary to the main question, the point is raised that although it may be conceded that, if the convicted justices had perfected their supersedeas bond previous to the time the court met for the purpose of electing a supervisor, and have thus sus-

pended the judgment removing them from office, yet, as they had failed to perfect the appeal so as to authorize the issual of a supersedeas, the judgment of the circuit court stood in full force and effect against them. Cr. Code Prac. section 348, provides that in cases of this character "the appeal must be prayed during the term at which the judgment is rendered and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment." Section 349 reads: "The appeal shall not suspend the execution of the judgment unless the defendant cause to be executed before the clerk of the circuit court a covenant by good surety to be approved by said clerk. for the payment in case the judgment be affirmed of the fine and costs of the appeal and all damages thereon * * * and cause said covenant to be copied into the transcript upon which being lodged with the clerk of the Court of Appeals he shall issue a certificate that execution of the judgment is suspended." The justices upon the day the judgment was entered executed in the manner provided in section 349 the bond mentioned in that section; but, the clerk being unable to prepare the transcript, it was not filed in the office of the clerk of the Court of Appeals until October 19th, on which day he issued the certificate in conformity to this section.

It is the contention of appellee that, under these Code provisions, the judgment in misdemeanor cases is not suspended by the execution of a bond, nor until the transcript has been lodged with the clerk of the Court of Appeals, and he has issued his certificate. In this contention we cannot concur. The Code allows the defendant to prosecute an appeal. It provides how it shall be done, and declares that "the appeal

shall not suspend the execution of the judgment
unless the defendant cause to be executed before the
clerk of the circuit court a covenant by good surety,''
conditioned that the judgment shall be paid in case
it is affirmed.   The execution of this bond suspends
the execution of the judgment provided the record is
lodged with the clerk of the Court of Appeals within
60 days after the judgment.   When the defendant has
executed his bond, all that he is then required to do
to bring the case before this court is to file the record
within the time allowed.   It was certainly not in-
tended by these provisions of the Code, giving the
judgment defendant an appeal and a specified time
in which to file his record, to say to him that, although
he might execute the bond required and use every
effort to have the clerk of the circuit court copy the
record so that he could file it within the 60 days, after
execution of the bond, and before the clerk had time
to make out the record, the collection of the judgment
might be enforced by levy upon his property or by
taking custody of his person.   If this could be done,
it would deny to the judgment defendant an opportu-
nity to enjoy the benefits conferred by the right of
appeal.   Although the defendant might do everything
the Code required of him to stay proceedings pending
an appeal, he would be deprived of all the substantial
rights arising from his appeal, if the payment of the
fine could be exacted or the punishment of imprison-
ment inflicted during the time required by the clerk
in the preparation of the transcript.   What advantage
would it be to a defendant to execute bond and prose-
cute an appeal, and file his record within the time
allowed, if immediately upon the rendition of the
judgment, and before the clerk could possibly prepare
the transcript for filing in the office of the clerk of

the Court of Appeals, he might be arrested under the
judgment and placed in jail, and required to remain
there until he had served out the sentence imposed
if the clerk failed to deliver the transcript until the
term of his imprisonment fixed in the judgment had
expired; or, if the judgment was for a fine, it might
be collected by execution and paid unto the State
treasury by the collecting officer within the 60 days
allowed to file the transcript, and before the clerk
had prepared the same. This construction would
utterly destroy the purpose and effect of the provi-
sions allowing an appeal and place the defendant in
virtually the same attitude as if the right of appeal
was denied. Our conclusion is that, upon the exe-
cution of the bond before the circuit clerk, the judg-
ment is suspended, and no proceedings can be taken
under it for 60 days from the date of the judgment.
If within that time the record is filed in the clerk's
office of this court, it goes without saying that no
action can be taken towards enforcing the judgment
until the appeal has been disposed of by this court.
If the record is not filed within the 60 days, the
suspended judgment is restored to life, and such pro-
ceedings may be had as if no bond had been executed.
Commonwealth v. Howard, 81 Ky. 57. The require-
ment of section 349 that the clerk of the Court of
Appeals shall issue a certificate that execution of the
judgment is suspended is merely intended to notify all
persons who might desire to enforce the collection of
the judgment that the defendant has perfected his
appeal by filing the record within the 60 days; so that,
if a removed officer can stay a judgment of ouster
against him by superseding the judgment and per-
fecting the appeal, the justices by the execution of
the bond on Seeptember 22d were qualified to par-

ticipate as members of the fiscal court in the election of a road supervisor on October 6th.

This brings us to a consideration of the principal question. Section 227 of the Constitution provides that "the judges of the county court, justices of the peace, sheriffs, coroners, surveyors, jailers, assessors, county attorneys and constables shall be subject to indictment and prosecution for misfeasance or malfeasance in office or wilful neglect in the discharge of official duties in such mode as may be prescribed by law; and upon conviction his office shall become vacant; but such officer shall have the right of appeal to the Court of Appeals." Pursuant to this section, the General Assembly enacted section 3748 of the Kentucky Statutes of 1903, which, after copying a portion of the section of the Constitution quoted, provides that the officer guilty shall upon conviction "be fined in any sum not less than one hundred nor more than one thousand dollars and upon such conviction the office held by such person shall become vacant, and the judgment of conviction shall so recite, but such officer shall have the right of appeal to the Court of Appeals." In behalf of the officers, it is insisted that the ouster is a part of the judgment of conviction, and that, as an appeal is allowed, it contemplates an appeal from the whole judgment—not merely a part of it—and that the execution of the appeal bond suspends the entire judgment. On the other hand, the argument is made that the supersedeas bond merely stays the execution of so much of the judgment as imposed a fine; and the judgment removing an officer from office is self-executing, and nothing is required on the part of any official to carry it into effect; that a supersedeas is only intended to become operative as to that part of a judgment which is to

be executed by some ministerial officer in its enforcement or collection, as by levying upon the property of the defendant, or taking his person into custody. There is a good deal to be said on both sides of this proposition; but our conclusion is that the execution of the supersedeas suspends the whole judgment until the appeal is disposed of. It is a most significant fact that the sections of the Constitution and statute under which prosecutions like this may be maintained provide that the convicted officer shall have the right of appeal to the Court of Appeals. It is, we think, manifest that this allows an appeal, not only from the judgment imposing a fine or imprisonment, but also from so much of the judgment as vacates the office. There is no express provision of the Code or statute allowing a supersedeas in proceedings of this character, nor, indeed, is there in any other case. The right to suspend a judgment by the execution of a bond pending the appeal is allowed in general terms by the Code; and with few, if any, exceptions, every judgment for the recovery of money, whether in civil or criminal proceedings, that may be appealed from may be suspended pending the appeal; the general rule being that a supersedeas does not annul the judgment, but only suspends its efficacy while it continues in force. Runyon v. Bennett, 4 Dana, 598, 29 Am. Dec. 431. This being conceded, it is said that as the judgment of ouster was self-executing, complete in itself when it was entered, requiring no other action to enforce it, the appeal bond could not annul, vacate, or set it aside; hence it did not have the effect of suspending that much of the judgment. And our attention is called to a number of authorities holding that where a judgment or decree executes itself—that is, where no act of a ministerial officer is

necessary to put it into effect—the supersedeas does
not alter the state of things created by the judgment
from which the appeal is prosecuted.   Elliott on
Appellate Procedure, sections 392, 393; State v.
Woodson, 128 Mo. 497, 31 S. W. 105; Walls v. Palmer,
64 Ind. 493; Fawcett v. Superior Court, 15 Wash.
342, 46 Pac. 389, 55 Am. St. Rep. 894; Allen v. Church,
101 Iowa, 116, 70 N. W. 127.   It may be conceded that
under the rule prevailing in this State as to the effect
of a supersedeas that if a judgment is what may be
called self-executing, requiring no process or further
order of court to make it effective, there would be
nothing that the supersedeas could operate upon to
suspend; and hence the judgment would necessarily
become at once effective, although an exception to
this general rule seems to have been made in the
matter of injunctions.   Smith v. Western Union Tel.
Co., 83 Ky. 269, 7 Ky. Law Rep. 22; Elizabethtown R.
Co. v. Ashland St. Ry. Co., 92 Ky. 478, 22 S W. 855,
15 Ky. Law Rep. 258.   Conceding that a judgment of
court vacating an office is self-executing in the sense
that no further action is needed to make it effective,
nevertheless the Constitution and statute giving the
officer a right to appeal to the Court of Appeals from
the judgment evidently means that he shall have the
right to appeal from both the judgment inflicting the
fine and the judgment of ouster, and the right to stay
the entire judgment pending the appeal.   Indeed, it
might well be said that so much of the judgment as
vacates the office is merely incidental to and follows
that part of the judgment imposing the fine,—as, if
the officer is not fined, he cannot be removed from
office; if he is fined, his removal follows as a matter
of course.   Again, it would be giving to the convicted
officer very inadequate relief to say that he might

appeal from the judgment vacating his office, and yet be deprived of the office by the judgment of the inferior court, although that judgment might be reversed and entirely set aside by the judgment of the appellate court. Then, too, if the judgment of ouster became at once effective upon entering the judgment in the lower court, a vacancy in the office would exist that might be at once filled by the appointing power, and if afterwards, and before the term expired, the judgment vacating the office was set aside by the appellate court, it would seem necessarily to follow that its effect would be to restore the ousted officer to his office. This would result in having two claimants for the same place, and cause unnecessary confusion and disorder in the conduct of the public business.

It is suggested that when a public official has been indicted and found guilty of a grave offense, and judgment has been pronounced depriving him of the office in the conduct of which he committed the malfeasance, he ought not thereafter to be allowed by suspending the judgment to discharge the duties of the office during an appeal; thereby defeating the course of the law that took from him the office he had disgraced. A sufficient answer to this is that, in the administration of justice, under our procedure, no judgment of an inferior tribunal can be deemed to finally adjudge the rights of the parties when the person against whom it is entered prosecutes within the time and in the manner allowed by law an appeal to a court having jurisdiction to revise it. Neither public policy nor the ends of justice would be promoted by denying to a public official the right to test the validity of a judgment against him; and it is difficult to understand upon what principle it can be

maintained that such officer may appeal from so much of the judgment as imposes a trifling fine, fully protecting his rights by the execution of a bond, and yet be denied the more important right to save his office until the judgment of the lower court can be reviewed.

Upon the whole, we are of the opinion that the fair meaning of the constitutional provision allowing an appeal carries with it the right to suspend the judgment; and that, during the pendency of the appeal, neither the judgment imposing the fine nor vacating the office becomes effective.

Wherefore the judgment is reversed, with directions for proceedings in conformity with this opinion.