## Tabor v. Commonwealth ex rel. Peterson.
## Tolar v. Commonwealth ex rel. Peterson.

April 16, 1946.

432

Rodes K. Myers and Leland H. Logan for appellants.

J. Frank Denton for appellee.

Opinion of the Court by Judge Siler—Affirming.

In these two equity cases, tried together by agreement and identical for the purposes of this appeal, the trial court enjoined Pauline Tabor and Rita Wood Tolar, the appellants, from operating houses of prostitution in Warren County, and the appellants now prosecute this joint appeal from the judgments of the Chancellor against them.

The following grounds are urged for reversal, viz: (1) the appellee, Commonwealth of Kentucky, did not produce its best evidence on the trial, and (2) appellee's witnesses testified in improper sequence and (3) appellee did not prove a case against appellants.

Proceeding under KRS 233.040, the appellee began these injunction proceedings against each of the appellants by filing petitions alleging that each was maintaining a house of prostitution and alleging that each had pled guilty to a warrant charging her with operating a house of prostitution and further alleging that each had been fined as a result of such charge against her. KRS 233.040 contains the following language and provisions:

"(1) If any person is convicted in any court of this state of maintaining a house of prostitution, the county attorney or prosecuting attorney of the court in which the conviction has occurred shall, or any citizen of the state may, institute injunction proceedings against that person in a court of equity:

"(2)   The judgment of conviction shall be warrant for the court of equity issuing an injunction against that person and the premises used as a house of prostitution."

Upon trial of the injunction cases under the foregoing statutory provisions, appellee introduced as its first witness the Police Court Judge of the City of Bowling Green who testified that he kept the records of the Police Court; that such records, which the witness produced on the trial, showed docket entries against these appellants indicating that they had been charged with operating houses of prostitution and that they had pled guilty and that such docket record further showed entries of fines of $25 and the costs in these prostitution house cases; that these data had been read by him, the witness for appellee, from his daily docket book as such data appeared under date of May 15, 1945, which was prior to the date of appellants' trial herein.   Following the testimony of the Police Court Judge appellee introduced as its next witness Dr. Paul Q. Peterson, who is the health officer of Warren County and the relator of these injunction cases against appellants.   Dr. Peterson testified, in main substance, about the prevalence of venereal disease in Warren County and about the reputations of appellants for being engaged in the business of operating houses of prostitution in Bowling Green.   The entire evidence of these cases consisted of the testimony of the two witnesses, above referred to, the Judge of the Police Court of Bowling Green and the Warren County health officer.

Appellants' first contention is that appellee did not produce its best evidence on the trial before the Chancellor.   More specifically, appellants say that the police court judgments against them in the prostitution house cases were not produced but that instead a mere docket book was produced and that the skeletonized data therein were read by the testifying witness.   The judgments, they say, would have been better evidence than the docket book.   While appellants may be technically correct, yet we find the statute in question referring to the word, "convicted", in its first paragraph and we deem a docket entry showing a charge, a guilty plea and a penalizing fine entirely adequate to show the required conviction so as to enable the Chancellor to render an injunction order in a case of this kind.   It was doubtless irregular

not to have full length judgments entered, if they were not so entered, in the Bowling Green Police Court and then produced on the trial below. However, we stated in the case of Slade v. Eckler, 3 Ky. Op. 347, as follows: "However irregular may have been the records of a suit, unless it is void, it is not subject to be collaterally questioned, and it is error to exclude same as evidence in another suit subsequent thereto."

However irregular may have been the records of Bowling Green's Police Court relating to the prostitution house cases therein against appellants, there can be no collateral attack at this time upon the inadequacy or irregularity of the records in those cases. And if records of conviction, even though irregular in form or brief in content, were outstanding against appellants in prostitution house cases, we think the Chancellor was justified in issuing the orders of injunction under KRS 233.040.

Appellants' second contention is that there was an improper sequence in the order of the two testifying witnesses. In other words, appellants contend that Dr. Peterson should have testified before Judge Patterson, because Dr. Peterson was the relator in these cases and was, in effect, the plaintiff in each case. However, since appellee's case only needed evidence of a conviction for maintenance of a house of prostitution, which evidence was furnished by Judge Patterson, in order to obtain the injunction, the additional evidence of Dr. Peterson was unnecessary and therefore his evidence and its sequence are not matters of important consideration on this appeal. The case of appellee would have been sufficient, we think, if Dr. Peterson's evidence had been left out entirely. The sequence of the two witnesses was accordingly immaterial.

Appellants' third contention is that appellee did not prove a case against them. Their theory is that Judge Patterson's evidence was improper and that because Dr. Peterson's evidence dwelt only with appellants' reputation rather than with factual incidents, there was no foundation for appellee's injunctions. From what we have already said, it is clear that we consider the evidence of Judge Patterson both proper and sufficient, even if standing alone and in exclusion of any other evidence in the case, to support appellee's case and the Chancellor's orders for injunctive relief.

If appellants have not been operating houses of prostitution and do not intend to operate such establishments, then the effect of these injunctions is perfectly innocuous as to appellants and their rights. But if they have been operating houses of prostitution, then it was certainly proper to enjoin such operation for the future health, welfare and prosperity of the City of Bowling Green and the Chancellor correctly, and we think legally, granted the injunctions.

Wherefore, seeing no error prejudicial to the substantial rights of appellants, the judgment against each appellant is now affirmed.