## Tabor v. Commonwealth ex rel. Peterson.

February 4, 1947.

Rodes K. Myers and Leland H. Logan for appellant.

R. D. Willock, William H. Natcher and J. T. Orendorf for appellee.

Opinion of the Court by Judge Dawson—Reversing.

This is an appeal from two orders, each of which adjudged the appellant in contempt of court for the violation of an order of injunction granted pursuant to the provisions of Chapter 233, KRS. This injunction, which was sustained by us in Tabor v. Commonwealth ex rel. Peterson, 302 Ky. 431, 194 S. W. 2d 501, prohibited the appellant from operating a house of prostitution.

While the appeal from the order of injunction was pending in this court appellant was charged with a violation of the injunction on two separate occasions. The circuit court adjudged her to be in contempt of that court, and pursuant to the provisions of KRS 233.150, and 233.990, sentenced her to three months in jail and levied a fine of $500.00, in each of the contempt proceedings. After the entry of the orders appellant asked us for

a writ of prohibition to enjoin the circuit judge from carrying out his judgment of the fines and jail sentences, but because she had perfected an appeal from both of the contempt rulings we refused to grant the writ. See Tabor v. Coleman, Judge, 303 Ky. 95, 196 S. W. 2d 969.

The matter is now before us on the appeal from the orders adjudging her to be in contempt of the circuit court for the violation of the injunction.

Appellee has filed notice and motion to dismiss the appeal, which we must consider first. This motion is based on the fact that appellant neglected to file in the office of the clerk of this court the record prepared by the clerk of the circuit court within sixty days after the bill of exceptions was approved and filed, it being contended that the contempt proceedings are criminal in nature and subject to the provisions of Section 348 of the Criminal Code of Practice.

The orders appealed from were entered in the circuit court on February 9, 1946. Motion and grounds for new trial in each proceeding were overruled on February 23, 1946, and on that same day the bill of exceptions was approved by the circuit judge. The record was not filed with the clerk of this court until August 20, 1946, nearly six months later. In order to dispose of this motion to dismiss the appeal we must determine whether the contempt was criminal in nature or civil in nature. If it is a criminal contempt, then the record on appeal should have been filed within sixty days after the bill of exceptions was approved and filed, and the motion to dismiss the appeal must be sustained. Section 348 Criminal Code of Practice. Hazelrigg v. Douglass, 126 Ky. 738, 104 S. W. 755, 31 Ky. Law Rep. 1121. If it is a civil contempt the record on appeal was filed in time and the motion to dismiss must be overruled.

As stated, the original injunction proceeding was brought pursuant to Chapter 233, KRS, which deals entirely with the abatement of houses of prostitution, and the contempt orders were entered pursuant to the provisions of KRS 233.150.

KRS 233.030 specifically provides that the action to enjoin the operation of a house of prostitution is an action in equity.

In the case of Wages v. Commonwealth, 13 Ky. Law Rep. 925, we distinguished between a civil contempt and a criminal contempt and said that a civil contempt consists of failure to do something which is ordered by the court to be done for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are acts in disrespect of the court or its processes which obstruct administration of justice. See also French v. Commonwealth, 97 S. W. 427, 30 Ky. Law Rep. 98; Roper v. Roper, 242 Ky. 658, 47 S. W. 2d 517, and the cases therein cited.

As a first impression it would seem that under this definition the contempt proceedings under consideration here would be criminal contempts, but this action was originally instituted by a health officer on behalf of the Commonwealth, and it can well be said that the injunction against the appellant was for the benefit of a party to the proceeding. The health officer is charged with the protection of the health of the citizens of his community, and he took this method of removing a menace to the health of the people, which he is charged with safeguarding.

While ordinarily a circuit judge can not, without empaneling a jury, penalize a citizen for contempt beyond thirty hours in jail and a thirty dollar fine (KRS 432.260), Chapter 233, KRS permits the imposition of a much greater penalty, and it would seem that there is a conflict in the statutes. But it must be remembered that this proceeding is under a special statute and we think, in order to determine the question of whether the contempt is civil or criminal in nature, we must determine and classify the type of proceeding which is authorized by Chapter 233, KRS.

The remedy provided by Chapter 233, KRS is an injunction, and of course an injunction proceeding is an equitable one. As noted, the provisions of this Chapter specifically provide for an action in equity. We have heretofore had occasion to consider this question. In King v. Commonwealth, 194 Ky. 143, 238 S. W. 373, 22 A. L. R. 535, the provisions of Kentucky Statutes, sec. 3941m-1 etc., which are very similar to present Chapter 233, KRS, were attacked as being unconstitutional because those statutes permitted the imposition of penal-

ties by the judge without the intervention of a jury. Section 7 of the Kentucky Constitution provides that the ancient mode of trial by jury shall remain inviolate, but in the case just cited we held that the proceeding under consideration there was purely an equitable one and that the statute was merely in aid of the common law, and a cumulative remedy which the state or its citizens might invoke to end a public nuisance. There we pointed out that a defendant was not anciently entitled to a trial by jury in cases where the relief sought was purely equitable, and held that a proceeding of that nature was an equitable one and that Section 7 of our Constitution had no application whatever. In that case the court affirmed the granting of an injunction solely on the ground that the proceeding was an equitable one and not criminal in nature. What we said then applies now, and we have concluded that an action under Chapter 233, KRS is an equitable one and therefore is, of course, civil in nature.

The provisions of Chapter 233, KRS clearly indicate that a proceeding instituted thereunder must be before the circuit judge sitting as a chancellor in equity, and it is well settled that a chancellor has no criminal jurisdiction. See Commonwealth v. Kentucky Jockey Club, 238 Ky. 739, 38 S. W. 2d 987, and In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092. It follows that the provisions of Section 348 of the Criminal Code of Practice do not apply. The record on appeal was filed in due time and the motion to dismiss must be and it is overruled.

This brings us to a consideration of the case on its merits. The question for determination is whether the circuit judge had jurisdiction to punish the appellant for contempt because of the violations of the order of injunction when the acts constituting the violations were committed after an appeal from the injunction order had been perfected and while that appeal was pending in this court. In order to determine this question we must consider the provisions of Section 286 of the Civil Code of Practice which deals with punishment for the violation of an injunction. That section provides that disobedience of an injunction may be punished by the court, or by a judge in vacation, as a contempt. It further provides that where the case has been appealed such disobedience

may be punished by the Court of Appeals, or any judge thereof, during vacation. We have heretofore construed the provisions of that section in the case of Kentucky & I. Bridge Co. v. Kreiger, 91 Ky. 625, 16 S. W. 824. There we held squarely that a violation of an injunction order occurring while an appeal from the order is pending must be treated as a contempt of this court because the lower court during that time has no power to enforce obedience to its judgment. This is the exact question which we have under consideration here. The Kentucky & I. Bridge case was cited with approval in the cases of Borrone v. Moseley Bros., 143 Ky. 812, 137 S. W. 531, and Stratton & Terstegge Co. v. Meriwether, 147 Ky. 577, 144 S. W. 1083.

We have again carefully considered the question and reached the conclusion that under the provisions of Section 286 of the Civil Code of Practice the power to punish the violation of an injunction order which has been appealed from, rests with this court and not the circuit court. It follows that the violation of the injunction by the appellant should have been brought to the attention of this court rather than to the attention of the circuit court, and that the circuit court had no jurisdiction to enter the two orders from which this appeal was taken.

We point out, however, that since the issuance of the mandate following the opinion in Tabor v. Commonwealth ex rel. Peterson, 302 Ky. 431, 194 S. W. 2d 501, jurisdiction to punish for violation of the injunction was restored to the circuit court where it has remained since, and any violations of that order since that time, or in the future, are punishable by the circuit judge under the provisions of KRS 233.150 and 233.990.

The conclusion we have reached renders it unnecessary for us to consider the other contentions of the appellant.

The cause must be and it is reversed for proceedings consistent with this opinion.