K. L. CRADY et al., Petitioners,

v.

Edward J. BENSINGER, Jr., Judge, Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Sept. 17, 1963.

Daniel B. Boone, Boone & Triplett, Louisville, for petitioners.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Laurence E. Higgins, E. P. Sawyer, Cecil Davenport, Louisville, for respondent.

PALMORE, Judge.

This is an original proceeding for a writ prohibiting the respondent, as judge of the trial court from which the appeal was taken in Crady v. Cranfill, Ky., 371 S.W.2d 640, from entering an order which in effect would direct the re-arrest of Kenneth Lee Crady and Frank Odell Gaines and rule their sureties to deliver them up at a specified time or be held liable to bond forfeiture. A temporary writ was denied.

The contention that Judge Bird's order setting aside that portion of the judgment admitting Crady and Gaines to bail was void is settled to the contrary in Crady v. Cranfill.

■ As the trial court in Crady v. Cranfill had jurisdiction of the parties, its action in admitting the prisoners to bail, though erroneous, was not void. Hence the substance of Judge Bird's order with respect thereto was to revoke the bail. This left the judgment fully operative except as to the bail provision. With that provision no longer in force the legal effect of the judgment denying discharge of the prisoners was to require their remand to the custody of the jailer. There being no provision of law giving their appeal the effect of a stay, appellee was entitled to enforce the judgment through such ancillary steps as were necessary in order to effect a remand. It is true, of course, in a general sense that the trial court no longer had jurisdiction of the proceeding, since its judgment had been appealed, but jurisdiction need not, like an egg, be all at the same place at the same time. "Except where the appeal operates as a stay or supersedeas, the lower court may proceed to the execution of an original judgment or decree, notwithstanding the pending appeal." 4 Am.Jur.2d 837 (Appeal and Error, § 360); Garnett v. Oliver, 242 Ky. 25, 45 S.W.2d 815, 816 (1931). Unless otherwise

provided by law, an appeal "does not operate a divestiture or suspension of the authority of the court to proceed in the execution of the decree. Whatever measures are necessary for the execution of the decree, it is the duty of the court, on the application of a party in interest, to pursue as if the appeal had not been taken." Ex parte Hood, 107 Ala. 520, 18 So. 176, 177 (1895).

█ It is our conclusion that the course of action the respondent proposes to take is neither erroneous nor beyond the jurisdiction of his court.

The writ is denied.