Gilbert HALE et al., Appellants,

v.

**CUNDARI GAS TRANSMISSION COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1969.

Louis Cox, William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, Lew W. Harpold, Hofheinz & James, Houston, Tex., John M. Lyttle, Manchester, for appellants.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for appellee.

CLAY, Commissioner.

This cause comes before us on a motion of the appellee for a contempt rule against appellant Republic Mineral Corporation. It appears that on March 20, 1969, the Clay Circuit Court issued a permanent mandatory injunction, enjoining Republic to do certain acts in connection with the furnishing of gas to appellee from certain

wells. This final judgment was duly appealed to this court and is now pending before us. Under the authority of Tabor v. Commonwealth, ex rel. Peterson, 303 Ky. 810, 199 S.W.2d 613 (1947), and cases cited therein, the parties agreed at an oral hearing that this court was the proper forum to entertain this motion.

 Upon consideration of this matter, it is our opinion that the Clay Circuit Court has jurisdiction and would be the proper forum before which to present the issue of contempt. The Tabor case, and those cited therein, were based upon a construction of former Civil Code section 286, which specifically provided that disobedience of an injunction may be punished by the Court of Appeals pending appeal. That section was superseded by CR 65.06. CR 65.06 provides that compliance with an injunction may be compelled by the judge of the court in which the action is pending, except that injunctions granted by this court under CR 65.08 shall be enforced by this court. We adopt the construction of that Rule, which appears in Clay, Ky.Prac., Rules of Civ.Proc.Ann., CR 65.06, Comment 3 (page 286):

> "The circuit court enforces all restraining orders and injunctions except an injunction pending an appeal which may have been granted by the Court of Appeals in a proceeding under Rule 65.-08. * * * The pendency of an appeal would not affect the jurisdiction of the circuit court to compel compliance with any of its injunctive orders, as long as they were effective."

While for certain purposes an appeal transfers jurisdiction to this court, Electric Plant Board v. Stephens, Ky., 273 S.W.2d 817 (1954), it comports with the proper administration of justice that the enforcement of an unsuperseded judgment be subject to control of the circuit court entering such judgment. See Crady v. Bensinger, Ky., 370 S.W.2d 820 (1963). This is particularly true when we have a situation such as here presented which requires a construction of the terms of the injunction order. Under the circumstances the circuit judge is in a much better position than we to construe his own judgment, to take any necessary proof and to grant such relief as may be appropriate.

For the reasons heretofore stated, the motion for a contempt rule is denied.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.