Danny **WOODWARD**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 96–SC–380–DG.

Supreme Court of Kentucky.

June 19, 1997.

As Modified on Denial of Rehearing Sept. 4, 1997.

William F. Polk, Jr., Polk & Polk, Henderson, for appellant.

A.B. Chandler, III, Attorney General, Dina Abby Jones, Scott Sutherland, Carol C. Ullerich, Assistant Attorneys General, Frankfort, for Appellee.

STEPHENS, Chief Justice.

On February 22, 1996, a Hopkins District Court jury found appellant, the current county judge executive of Hopkins County, guilty of two offenses: (1) malfeasance in office, and (2) reprisal against a public employee. Appellant was given a $500 fine on each count and the office of county judge executive was declared vacant, pursuant to KRS 61.170(1).

Appellant filed an appeal in the Hopkins Circuit Court pursuant to the terms of KRS 23A.080 and CR 72.02. The Commonwealth filed a motion to dismiss the appeal arguing that according to Section 227 of the Kentucky Constitution, the Court of Appeals, not the Hopkins Circuit Court, had jurisdiction to hear the case. Appellant responded with a motion to stay the appeal in the Hopkins Circuit Court and filed a notice of appeal to the Court of Appeals.

By order of Chief Judge Lester, the Court of Appeals determined that the Hopkins Circuit Court was the appropriate court to hear the appeal and, subsequently, struck the matter from the Court of Appeals' docket directing that the amended notice of appeal be returned to the Hopkins Circuit Court for proper docketing. Appellant then moved for discretionary review in this Court. While that motion was pending, the Hopkins Circuit Court entered an order staying the circuit court appeal until this Court had rendered a decision.

We subsequently granted discretionary review to determine whether Section 227 of the Kentucky Constitution requires that an appeal from a conviction of a county judge executive for malfeasance in office be taken to the Court of Appeals or this Court. Section 227 provides in pertinent part as follows:

> Judges of the County Court ... shall be subject to indictment or prosecution for misfeasance or malfeasance in office, or willful neglect in discharge of official duties, in such mode as may be prescribed by law, and upon conviction his office shall become vacant, *but such officer shall have the right to appeal to the Court of Appeals.*

(emphasis added). Basically, § 227 serves two purposes: (1) to expedite the appeal process because the office of an elected official is vacant, and (2) to take the appeal out of the reach of local courts.

When Section 227 of the Kentucky Constitution was adopted in 1891 and amended in 1919 there was no dispute about which court would hear the appeal as the "Court of Appeals" was the highest court in the Commonwealth at that time. However, the adoption of the Judicial Article in 1976 dramatically changed the hierarchy of Kentucky's court system. In 1976, the seven-member Kentucky Court of Appeals was elevated to the position of the Kentucky Supreme Court. The order signed by the Chief Justice Reed creating the new court system specifically stated: "All causes and proceedings pending in the former Court of Appeals on this date are hereby transferred to and shall be decided or otherwise disposed of by this court." Thus, the court formerly known as the Court of Appeals became the Kentucky Supreme

Court, with the newly created Kentucky Supreme Court assuming the caseload previously maintained by the Kentucky Court of Appeals. In fact, it was not until August 17, 1976, that the order creating the new Court of Appeals was signed and entered.

Appellant argues that Section 124, part of the 1976 Judicial Article, repeals all other sections of the Kentucky Constitution to the extent that they conflict with the provisions of the reform sections. He asserts that nothing in the language of Section 227 prohibits the present Court of Appeals from exercising jurisdiction over this appeal and that by finding jurisdiction to be in the current Court of Appeals, appellant forfeits nothing. Appellant further maintains that because Section 227 is a grant of jurisdiction by law it does not conflict with Section 111(2) of the Kentucky Constitution, which defines the jurisdiction of the Court of Appeals. Finally, he asserts that Section 124 of the Kentucky Constitution repeals other constitutional provisions only to the extent of a conflict, and because no conflict exists between Section 227 and the reform provision, this case should be heard by the Court of Appeals. Appellant maintains that this interpretation gives effect to the purpose behind Section 227, which was to insure that an appellate court with state-wide jurisdiction review cases involving county officials who are convicted of misfeasance, malfeasance or neglect of their official duties. We disagree.

Section 110(2) of Kentucky's Constitution sets forth this Court's jurisdiction as follows:

> (b) Appeals from a judgment of the Circuit Court imposing a sentence of death or life imprisonment for twenty years or more shall be taken to the Supreme Court. In all other cases, criminal and civil, the Supreme Court shall exercise appellate jurisdiction as provided by its rules.

On the other hand, Section 111(2) of the Kentucky Constitution defines the jurisdiction of the present Court of Appeals to include:

> The Court of Appeals shall have appellate jurisdiction only, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies of the Commonwealth, and it

may issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause with its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as required by law.

Normally, a ruling by a court of original jurisdiction is appealed to the next highest court. CR 73.01(2), KRS 23A.080, and CR 72.02(1). Similarly, all circuit court rulings and judgments are generally appealed to the Kentucky Court of Appeals. However, there are exceptions to this general rule. For example, by constitutional mandate, every felony conviction entered by a circuit court imposing a sentence of life, death or twenty years or more is reviewed directly by this Court rather than the Court of Appeals. Ky. Const. § 110(2)(b). Likewise, by case law and rule, when a death row prisoner's motion to vacate his sentence under Rcr 11.42 is denied by a circuit court judge, it is reviewed by this Court instead of the Court of Appeals. *See Skaggs v. Commonwealth*, Ky., 803 S.W.2d 573, 577 (1990); CR 76.18(2). Thus, contrary to CR 73.01(2), an appeal is not always heard by the next highest court. Such is the case at bar.

While the language in Section 227 of the Kentucky Constitution clearly grants an automatic right of appeal to a county judge executive convicted of malfeasance in office, it also expressly precludes the circuit court from hearing such an appeal. Pursuant to Section 112(5) of the Kentucky Constitution, a circuit court's appellate jurisdiction is limited to situations "as may be provided by law." The General Assembly did not choose to vest the circuit court with jurisdiction to hear the appeal of a county judge executive convicted of malfeasance in office. Thus, contrary to the Court of Appeals order, the Hopkins Circuit Court is without authority to hear the appeal. Both parties agree on this issue.

While it is clear that the Hopkins Circuit Court is without authority to hear this appeal, we still must determine whether the language in Section 227 referring to the "Court of Appeals" vests this Court or the Court of Appeals with jurisdiction over appeals of a conviction of malfeasance in office.

Appellant argues that the former Court of Appeals was both a policy making court and a court of error. He claims that the 1976 Judicial Article separated these two functions with the new Court of Appeals being the court of error, and our Court being the policy making Court in the Kentucky judicial system. He maintains that as the policy making court, this Court should not be required to hear misdemeanor appeals from a district court. *See* SCR 1.010. He contends that if there is some issue of widespread importance, such as in the present case, it would be best to let that issue be developed in the first instance by a lower appellate court, i.e. the Court of Appeals. Alternatively, appellant argues that Section 227 should be interpreted so as to reconcile it with KRS 23A.080 and CR 72.02, so that in the event of a conviction for malfeasance of a county judge executive, he or she has an appeal by right to the Court of Appeals. We disagree.

A conviction of a public official for the offense of malfeasance in office is a result which affects a decision of the electorate. The seriousness of such cases and the ramifications of removing a public official from office is not unlike other situations in which this Court has deemed it imperative for appeals to bypass the normal court hierarchy and be submitted directly to this Court for resolution. Such a conclusion is also consistent with the notion that the framers of the constitution intended the court of last resort to decide such appeals. While there are valid arguments in favor of vesting jurisdiction in the current Kentucky Court of Appeals, since § 227 vested review of malfeasance in office convictions in the highest court within the Commonwealth at the time it was adopted, and because this Court assumed the position of the former Court of Appeals with the passing of the Judicial Article in 1976, this Court is the appropriate court to resolve this appeal. Accordingly, the order of the Court of Appeals is reversed as this Court is vested with the appropriate jurisdiction to hear the appeal of a county judge executive's conviction for malfeasance in office.

LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

COOPER, J., dissents and files a separate dissenting opinion.

GRAVES, J., joins this dissenting opinion.

JOHNSTONE, J., dissents and files a separate dissenting opinion.

COOPER, Justice, dissenting.

Since I believe that the jurisdiction for this appeal rests in the Hopkins Circuit Court, I must respectfully dissent.

The constitutional provision at issue in this case first appeared in the Third Constitution of Kentucky. Ky. Const. (1850), Art. IV, § 36. Since there were only twelve judicial circuits at that time, Id., Art. IV, § 19, it is doubtful that the framers were concerned about removing the appeal from the reach of local courts. In fact, the reason there was no appeal to circuit court was because the circuit court was the court of original jurisdiction. At the time of the adoptions of both our third Constitution in 1850 and our fourth Constitution in 1891, courts inferior to the circuit court had jurisdiction over offenses punishable by fine only if the maximum fine which could be imposed did not exceed $100.00. Johnson, Harlan and Stevenson, *Kentucky Code of Criminal Practice*, § 10 (1854); Carroll, *Kentucky Criminal Code of Practice*, § 13 (1891). An exception to that jurisdictional rule was that a quarterly court could exercise jurisdiction over a person indicted for a misdemeanor if the circuit court was not in session and the defendant was lodged in jail in default of bail. Gen. St., ch. 28, Art. XIII, § 2 (Bullitt & Feland 1888).

Since the circuit court was always the court of original jurisdiction to try an indictment for misfeasance or malfeasance, the Court of Appeals was the *only* court to which an appeal could be taken. So why did the framers of our last two constitutions see a need to specify that upon conviction, the indicted official had a right to appeal to the Court of Appeals? The issue was addressed squarely in the case of *Hazelrigg v. Douglass*, 126 Ky. 738, 104 S.W. 755 (1907), in which three members of the Montgomery County fiscal court were indicted, tried and convicted of malfeasance in the Montgomery

Circuit Court. Each received a fine and their offices were declared vacant. On appeal to the Court of Appeals, one issue was whether the convicted justices of the peace could remain in office pending appeal. Judge Carroll addressed that issue as follows in the writing style of that time:

It is a most significant fact that the sections of the Constitution and statute under which prosecutions like this may be maintained provide that the convicted officer shall have the right of appeal to the Court of Appeals. It is, we think, manifest that this allows an appeal not only from the judgment imposing a fine or imprisonment, but also from so much of the judgment as vacates the office. There is no express provision of the Code or statute allowing a supersedeas in proceedings of this character, nor, indeed, is there in any other case. The right to suspend a judgment by the execution of a bond pending the appeal is allowed in general terms by the Code; and with few, if any, exceptions, every judgment for the recovery of money, whether in civil or criminal proceedings, that may be appealed from may be suspended pending the appeal; the general rule being that a supersedeas does not annul the judgment, but only suspends its efficacy while it continues in force. This being conceded, it is said that as the judgment of ouster was self-executing, complete in itself when it was entered, requiring no other action to enforce it, the appeal bond could not annul, vacate, or set it aside; hence it did not have the effect of suspending that much of the judgment.... Conceding that a judgment of court vacating an office is self-executing in the sense that no further action is needed to make it effective, nevertheless the Constitution and statute giving the officer a right to appeal to the Court of Appeals from the judgment evidently means that he shall have the right to appeal from both the judgment inflicting the fine and the judgment of ouster, and the right to stay the entire judgment pending the appeal.

*Id.* 104 S.W. at 757–8 (citations omitted).

From the foregoing, I conclude that the reference in Section 227 to the right to appeal to the Court of Appeals was intended not as a designation of the appellate court to which the appeal must be taken (there was none other than the Court of Appeals), but, as stated by Judge Carroll, an assurance that the convicted official's ouster from office would be stayed during the appeal. If so, then the constitutional language does not affect the appellate scheme created by the 1976 judicial amendments and the statutes and rules enacted and promulgated to conform thereto.

The offense described in KRS 61.170(1) is classified as a violation. KRS 532.020(4). The district court has exclusive jurisdiction to make final disposition of offenses classified as violations. KRS 24A.110(1). The Constitution vests the circuit court with "such appellate jurisdiction as may be provided by law." Ky. Const. § 112(5). By statute, direct appeals may be taken to the circuit court from any final action of a district court. KRS 23A.080(1). The Constitution vests the Court of Appeals with "appellate jurisdiction as provided by law." Ky. Const. § 111. By statute, the Court of Appeals may review an appeal from district court only by petition for a writ of certiorari. KRS 22A.020(5). Except for appeals as a matter of right by persons convicted of crimes and sentenced to twenty years or more, the Constitution provides that the Supreme Court shall exercise appellate jurisdiction "as provided by its rules." There is no rule which would permit a direct appeal from a district court to the Supreme Court. Civil Rule 73.01 provides that all appeals shall be taken to the next higher court. Civil Rule 72 clearly anticipates that appeals from district court will be to the circuit court.

For these reasons, I would affirm the Court of Appeals and remand this case to the Hopkins Circuit Court for further appellate proceedings.

GRAVES, J., joins this dissent.

JOHNSTONE, Justice, dissenting.

While I agree with most of the majority's analysis and reasoning, I respectfully dissent from the conclusion that Section 227 of our Constitution requires the Supreme Court of

Kentucky to hear an appeal from a conviction of a county judge executive for malfeasance in office. The Constitution's language "but such officer shall have the right to appeal to the Court of Appeals" is not only clear, but not inconsistent with the 1976 Judicial Article or the appellate scheme in this Commonwealth. Indeed, the majority, as well as the appellee in this case, concede that there are valid arguments to vest the jurisdiction of this issue with the Kentucky Court of Appeals. As the Attorney General notes, nothing in § 111(2) of the Kentucky Constitution prohibits the Court of Appeals from exercising jurisdiction over this appeal where it "is removed from local political pressure, which may have been the goal of the constitutional framers. It also permits meaningful appellate review with the option of either party seeking discretionary review in this Court from any adverse opinion."

Ultimately, our holding will require future litigants to review the case of *Danny Woodward v. Commonwealth of Kentucky* to understand that the reference to the Court of Appeals in Section 227 of the Kentucky Constitution actually means the Supreme Court.